■ In the Matter of the TOWN OF GREENBURGH, Appellant. MARTIN BLUMSTEIN, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Isseks, J.), dated January 4, 1986, which, inter alia, denied the petition.

Ordered that the judgment is reversed, on the law, with costs, and the petition is granted to the extent of staying arbitration pending a determination by the Supreme Court, Westchester County, as to whether grievances were timely

filed and completed by the discharged employee, Michael Martin, at both steps one and two of the grievance procedure pursuant to a contract between the petitioner and the Civil Service Employees' Association (hereinafter CSEA).

Michael Martin was employed as a laborer by the petitioner herein, the Town of Greenburgh, pursuant to a collective bargaining agreement entered into between the petitioner and the Town of Greenburgh Unit, Local 860 of the CSEA. On April 4, 1985, the Town of Greenburgh discharged Martin from its employ with the Department of Public Works. Thereafter, the respondent Martin Blumstein, Michael Martin's union representative, served a demand for arbitration upon the Town of Greenburgh alleging violations of articles VIII and XXV of the collective bargaining agreement. In response, the Town of Greenburgh instituted the instant proceeding to, *inter alia,* stay arbitration. In support of the petition to stay arbitration, the Town of Greenburgh argued, *inter alia,* that (1) pursuant to the collective bargaining agreement, binding arbitration was the third step of a three-step grievance procedure, (2) binding arbitration could only be obtained by the discharged employee if his grievances had been timely filed and completed at both steps one and two of the grievance procedure, and (3) the discharged employee, Martin, failed to satisfy these "contractual conditions precedent" to arbitration.

In opposition to the petition, the attorney for the respondent union representative did not deny that the discharged employee had an obligation under the collective bargaining agreement to timely file and complete his grievances at both steps one and two of the grievance procedure prior to proceeding to arbitration. Nonetheless, counsel argued that whether or not the subject grievances had been timely filed and completed at both steps one and two of the grievance procedure was an issue of "procedural arbitrability" which was "to be exclusively determined by the Arbitrator" and not by the court.

Special Term denied the petition to stay arbitration, holding that the issue raised by the petitioner "should be determined by the arbitrator". We disagree.

In *Matter of County of Rockland (Primiano Constr. Co.)* (51 NY2d 1), the Court of Appeals specifically stated that "[i]t is for the courts to determine whether * * * there has been compliance with any condition precedent to access to the arbitration forum" (*Matter of County of Rockland [Primiano Constr. Co.], supra,* at p 5). The court added that conditions

precedent to arbitration are to be distinguished from "procedural stipulations that the parties may have laid down to be observed in the conduct of the arbitration proceeding itself—conditions *in* arbitration, e.g., limitations of time within which the demand for arbitration must be made", which are "for resolution by the arbitrator as incidental to the conduct of the arbitration proceeding" *(Matter of County of Rockland [Primiano Constr. Co.], supra,* at p 8).

In the case at bar, the petitioner raised a serious issue as to whether grievances were timely filed and completed by the discharged employee at both steps one and two of the grievance procedure. Compliance with the requirements of steps one and two of the grievance procedure was a condition precedent to access to arbitration which constituted a separate third step of the grievance procedure. Under these circumstances; it was for the court, and not the arbitrator, to decide whether the grievances had been timely filed and completed by the discharged employee at steps one and two of the grievance procedure.

Accordingly, the order appealed from must be reversed, and the petition to stay arbitration granted to the extent indicated. Mollen, P. J., Mangano, Niehoff and Weinstein, JJ., concur.