■ In the Matter of SUFFOLK REGIONAL OFF TRACK BETTING CORP., Respondent, v LOCAL 517S et al., Appellants. [704 NYS2d 136] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an employee disciplinary dispute, the appeal is from an order of the Supreme Court, Suffolk County (Werner, J.), dated December 14, 1998, which granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

The petitioner charged one of its employees with misconduct, suspended him, and, after conducting a disciplinary hearing held under the terms of a collective bargaining agreement, terminated his employment. The employee's union then demanded that the matter be submitted to arbitration pursuant to the collective bargaining agreement. The petitioner brought this proceeding to stay arbitration, arguing, *inter alia*, that arbitration was the third step in a three-step grievance procedure set forth in the collective bargaining agreement, and that the union had failed to comply with the two steps that were conditions precedent to arbitration. In opposition, the union asserted, *inter alia*, that whether the conditions had been met was an issue of procedure in the arbitration process and was reserved for an arbitrator alone to decide.

The collective bargaining agreement provides that a discharged employee may resort to arbitration only after the em-

ployee or his union goes through two initial steps in an attempt to resolve the dispute. Here, it is undisputed that neither the employee nor the union attempted to comply with those steps before demanding arbitration. Since an effort to comply with those steps was a condition precedent to obtaining access to the arbitral forum, the trial court correctly addressed the issue and granted the petition to stay arbitration (*see, Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1; *Matter of Town of Greenburgh [Blumstein]*, 125 AD2d 315).

The appellants' remaining contention is not properly before this Court because it is based on evidence dehors the record. O'Brien, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.