■ In the Matter of ALBERT J. SCHWARZLER, Doing Business as ECHO PARK GARAGE, Appellant, v GARAGE EMPLOYEES UNION LOCAL No. 272, I.B.T., et al., Respondents.—Judgment, Supreme Court, Bronx County, entered December 18, 1975, denying the petition and referring to the arbitrators the petitioner's defense of the Statute of Limitations, unanimously modified, on the law, to the extent of limiting the subject of arbitration to claims that accrued no more than six years before the date of the notice of arbitration (July 25, 1975) and, as so modified, the judgment is affirmed, without costs and disbursements. The parties are bound by a collective bargaining agreement effective February 1, 1974 that extends, as relevant hereto, three prior collective agreements dated January 28, 1965, February 5, 1968 and February 1, 1971. The agreements call for employer contributions on behalf of specified employees to the welfare and pension funds. Pursuant to the arbitration provisions of the current agreement, the union and its pension and welfare funds served a notice of arbitration dated July 25, 1975 referring only to the provisions of the current agreement dated February 1, 1974 and claiming liability for welfare and pension fund payments for the period from January 1, 1966 to December 31, 1973. The payments for which liability is claimed concern two employees whose employment dates from the 1930's and who were respectively the day and night manager of the garage. As managing agents, apparently they were not eligible for union membership. It seems that the union representatives apparently always knew that these two individuals were managing agents and a claim to contributions on their behalf to the pension and welfare funds was not made heretofore. In 1974, the funds conducted an audit at which time they allegedly discovered that petitioner had been deficient in contributions on behalf of these two who, it is asserted, performed work in

the job categories specified by the collective agreements. The dispute thus posed under the arbitration clause is whether petitioner is liable for pension and welfare fund contributions to the extent the aforesaid two individuals performed work for which the agreements required contributions regardless of their lack of union membership or their status otherwise as managing agents. The demand for arbitration makes clear that the liability for those payments is a *contractual* liability. This conclusion is further buttressed by the uncontroverted fact that one Conrad Jackson had been the union representative at all relevant times and had visited the petitioner's premises four or five times yearly. Consequently, Jackson, on behalf of the claimants in arbitration, could have discovered any alleged concealment of the activities of the two individuals for whom payment is now sought. Pursuant to the six-year contractual period of limitation (CPLR 213, subd 2), the claim now sought to be arbitrated is measured from each failure of the petitioner to pay any requisite contributions to the funds and not from the date the respondents purportedly discovered the breach of contract. In a motion under CPLR 7503, the issue of the bar of the Statute of Limitations is for the court in the first instance (CPLR 7502, subd [b]). Petitioner's contention that the courts should consider the tenability of the controversy and the *bona fides* of the dispute is premised on the outmoded doctrine of *Matter of International Assn. of Machinists (Cutler-Hammer, Inc.)* (271 App Div 917, affd 297 NY 519). The *Cutler-Hammer* doctrine was interred by section 1448-a of the Civil Practice Act in 1962 which has its present counterpart in CPLR 7501. Finally, Special Term correctly determined that the claimants' failure to specify the earlier collective agreements in the notice of arbitration was nonprejudicial. Concur—Markewich, J. P., Murphy, Lupiano, Birns and Capozzoli, JJ.