■ THERMASOL, LTD., Appellant, v DONALD R. DREISKE, Respondent. — Judgment, Supreme Court, New York County, entered April 24, 1980, which upon granting petitioner's motion for a renewal of the denial of petitioner's application to confirm an arbitration award and the granting of respondent's application to vacate the award, adhered to the original determination, insofar as appealed from, reversed, on the law, and the petition to confirm the arbitration award is granted and the cross application to vacate the award is denied, with costs and disbursements to petitioner. Appeal from the judgment, entered January 3, 1980, is dismissed as academic since that judgment was superseded by the judgment made on renewal. In 1975, petitioner-appellant leased certain equipment to Clinton Inns, Inc., under an agreement containing a broad arbitration provision. This equipment was installed in a Holiday Inn located in Clinton, Oklahoma. Thereafter, this motel was sold to respondent and his partner, Bailey, who, jointly and severally, assumed all obligations under the lease with petitioner. The new lessees failed to pay the required rental fees and petitioner demanded arbitration pursuant to the terms of the lease. Clinton Inns, Inc., was served with this demand by certified mail, return receipt requested. Service upon respondent and Bailey was attempted in a similar fashion. Identical postage was affixed to all three envelopes. The demand to Clinton Inns was delivered and accepted but the demands sent to respondent and Bailey at the Holiday Inn were returned unopened. After delivery of these demands was refused at the Holiday Inn, they were then forwarded to an address in Oklahoma City, with a notation of 25¢ postage due. Thereafter, the American Arbitration Association sent three additional notices of the arbitration proceeding to respondent and Bailey by ordinary mail. These latter notices were never returned. All three parties failed to appear at these proceedings and an award was rendered based on the uncontested proof submitted by petitioner. Petitioner moved to confirm the award against Bailey and Clinton Inns, Inc., and they cross-moved to vacate. Special Term, however, confirmed the award finding that the contentions of nonreceipt of the demand was unsupported by any personal affidavit and did not overcome the post office certification that the notice was "refused". This judgment was affirmed by this court (73 AD2d 847, mot for lv to app den 49 NY2d 702). During the pendency of the above appeal, petitioner moved to confirm the award against respondent. Respondent opposed, asserting, *inter alia,* that he never received the demand. Special Term vacated this award on the ground that adequate notice of the pending arbitration proceeding had not been given to the respondent. We disagree. We are convinced that respondent received sufficient notice of the arbitration proceedings and is merely utilizing this dilatory tactic in an attempt to stave off payment of his just debts. Prior to vacating any award the court must make a threshold determination that the rights of the party seeking to vacate the award were prejudiced (CPLR 7511, subd [b], par 1). The facts before us sufficiently demonstrate that such a conclusion could not have been reached. The parties agreed to arbitrate any dispute in accordance with the rules of the American Arbitration Associa-

tion. The rules of the association provide in pertinent part that notice of the demand for arbitration may be served by ordinary mail. Respondent received full and adequate notice of the pending arbitration proceedings in three letters sent to him over a four-month period by the American Arbitration Association. Respondent's rights were not impaired by this manner of service. Since there was no demonstrated prejudice to respondent, Special Term erred in vacating the award, Concur — Murphy, P. J., Fein, Ross and Bloom, JJ.