In the Matter of the Arbitration between MICHAEL SEVERIN, ELBASANI/LOGAN/SEVERIN, Appellant, and COUNTY OF BROOME, Respondent. — Appeal from an order of the Supreme Court at Special Term (Kuhnen, J.), entered March 10, 1981 in Broome County, which denied petitioner's application, pursuant to CPLR 7503, to stay arbitration between the parties. In July, 1968, respondent Broome County entered into a contract pursuant to which petitioner, an architectural firm, agreed to render professional services in connection with the construction of the Broome County Veterans' Memorial Arena.

Under the terms of this contract, the parties agreed to submit all claims or disputes arising between them to arbitration "in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association". Following construction of the arena, respondent, on May 23, 1980, sent by *regular mail* a demand for arbitration to petitioner pertaining to the latter's alleged breach of the parties' contract. Various defects in the structure's design, steelwork, welds, roof, etc., are set forth and $100,000 in damages, "plus a substantially greater sum" to be later calculated by respondent, is demanded. Petitioner received this demand for arbitration on June 9, 1980. By letter dated June 3, 1980, the American Arbitration Association (AAA) informed petitioner of respondent's request that its separate arbitration proceeding against the general contractor of the arena project be joined with the instant arbitration against petitioner. The AAA directed petitioner to notify it as to whether it consented to such joinder. The AAA stated that in the absence of such consent, the proceedings would be administered separately. By letter dated June 12, 1980, the AAA informed the parties of its receipt of an application to stay arbitration in respondent's arbitration against the general contractor. The AAA advised the parties that unless informed otherwise by June 26, 1980, the administration of the instant arbitration matter would be suspended and held in abeyance pending the outcome of said litigation between respondent and the general contractor. Some time later, Special Term, ruling that respondent's agreement with the general contractor did not provide for the arbitration of the claim asserted, granted the general contractor's application for a stay of arbitration in that matter. Thereafter, on September 12, 1980, respondent mailed to petitioner an "amended" demand for arbitration in the instant matter which incorporated the original demand and now affixed damages in a sum certain of $800,000. On October 2, 1980, petitioner applied, pursuant to CPLR 7503, for an order staying arbitration on the grounds that the demand for arbitration was not properly served and that the claims sought to be arbitrated were barred by time limitations. Special Term denied this application and petitioner filed the instant appeal. Petitioner contends that the demand for arbitration is a nullity since it was sent by regular mail and CPLR 7503 (subd [c]) provides that a demand for arbitration "shall be served in the same manner as a summons or by registered or certified mail". However, as noted, the parties here contractually agreed to be bound by the Construction Industry Arbitration Rules of the American Arbitration Association. Section 40 thereof provides, *inter alia,* that: "Each party to an agreement which provides for arbitration under these Rules shall be deemed to have consented that any papers, notices or process necessary * * * for the initiation * * * of an arbitration under these Rules * * * may be served upon such party by mail addressed to such party". Accordingly, the parties contractually agreed to, in effect, waive the requirement of service by certified or registered mail of the demand for arbitration. Since there is no public policy reason nor a prohibition in the CPLR against such waiver, respondent's service of its demand for arbitration, done in accordance with the AAA rules, must be regarded as proper and entitled to full effect (see *Matter of Wappingers Cent. School Dist. v Wappingers Congress of Teachers,* 51 AD2d 766, 767). CPLR 7503 (subd [c]) provides that an application to stay arbitration must be made within 20 days after service of the demand. Failure to make an application for a stay within this 20-day period results in the denial of the application (see *Matter of Jonathan Logan, Inc. [Stillwater Worsted Mills],* 31 AD2d 208, affd 24 NY2d 898). Here, petitioner received the properly prepared demand for arbitration on June 9, 1980, yet did not make its application for a stay until

October 2, 1980, well beyond the 20-day period.[*] Petitioner argues that the AAA letter of June 12, 1980, wherein the AAA advised the parties that "administration" of the instant matter would be "suspended" until the litigation in respondent's companion case against the general contractor was resolved, absolved it from making a timely application to stay arbitration. We are unable to find that the fact that the AAA was suspending its administration of the instant matter excused petitioner's failure to comply with the express requirement of CPLR 7503 (subd [c]), regarding the time within which to apply for a stay. Nowhere in the AAA's letter is it suggested that this procedural mandate of the CPLR was being waived or suspended. Although it is unnecessary, in light of the above conclusion, to reach petitioner's remaining contentions concerning the timeliness and accrual date of respondent's claim, we note that this court's recent decision in *Board of Educ. v Celotex Corp.* (88 AD2d 713) would be dispositive. Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

---

[*] The AAA Construction Industry Arbitration Rules do not address procedures relating to an application to stay arbitration.