■ WEILWOOD FABRICS INTERNATIONAL INC., Respondent, v PLINY E. ZERBI, Appellant. — Order, Supreme Court, New York County (Maresca, J.), entered April 23, 1981, permanently staying arbitration proceedings between the parties, reversed, on the law, and the petition dismissed, and the parties directed to proceed to arbitration, with costs. The parties to this appeal executed an employment contract in which they agreed to arbitrate any disputes arising from the contract in accordance with the rules of the American Arbitration Association. The court below held that appellant's service of a demand for arbitration by ordinary mail was a nullity because it did not satisfy the requirements of CPLR 7503 (subd [c]) that such a demand be served in the same manner as a summons, or by certified or registered mail, return receipt requested. Implicit also in the holding at Special Term was that the claim was time barred by the one-year contractual limitation period. This court has held that where parties agree to arbitrate in accordance with the rules of the American Arbitration Association, which rules provide for service of the demand by ordinary mail, such service will be deemed sufficient in the absence of a showing of prejudice. (*Thermasol, Ltd. v Dreiske,* 78 AD2d 838, affd 52 NY2d 1069.) The question of the contractual time limitation is not for the court, but for the arbitrator. (See *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 362.) Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Lynch, JJ.

■ G. EDELSTEIN & CO., INC. v AMBASSADOR INSURANCE COMPANY. — Motion granted and upon reargument this court certifies the following question of law, decisive of the correctness of its determination, has arisen which in its opinion ought to be reviewed by the Court of Appeals: "Was the order of the Supreme Court, as affirmed by this court, properly made?" Concur — Murphy, P. J., Kupferman, Markewich, Fein and Lynch, JJ.

■ In the Matter of the Application for Disclosure of Attorney at Law ROBERT V. RAFTER v ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK. — Motion granted and upon reargument respondent is directed to divulge to petitioner the contents of petitioner's sealed file now in respondent's custody and control, including but not limited to the January, 1953 complaint. Concur — Murphy, P. J., Kupferman, Ross and Markewich, JJ.

■ In the Matter of GENE CRESCENZI, an Attorney. — Petition granted and respondent, Gene Crescenzi, suspended from practice as an attorney and counselor at law in the State of New York pursuant to 22 NYCRR 603.16 (b) (1), effective October 5, 1982, and until the further order of this court. Motion to suspend respondent for failure to co-operate is denied as moot. Concur — Kupferman, J. P., Sullivan, Ross, Asch and Milonas, JJ.