OPINION OF THE COURT
Memorandum.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed. In the absence of a Federal statute governing method of service of a demand for arbitration, CPLR *898 7503 (subd [c]), which is consistent with the Federally created right to arbitrate (US Code, tit 9), is applied to these interstate transactions. The consequence of failure to strictly comply with the provisions of CPLR 7503 (subd [c]) in serving a demand for arbitration is to toll the time limit on an application to stay arbitration (Matter of Board of Educ. v Palmyra-Macedon Faculty Assn., 78 AD2d 765, mot for lv to app den 53 NY2d 603). A stay of arbitration on the ground that demand was ineffectual is, therefore, improper in a case such as this where petitioner obviously had actual notice of the demand to arbitrate and an opportunity, via this proceeding to stay arbitration, to judicially review its threshold objections to arbitrability.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.