■ HOTEL DES ARTISTES, INC., Appellant, v GUS BEVONA, Respondent.—Order of the Supreme Court, New York County (Kenneth Shorter, J.), entered July 7, 1988, which denied petitioner-appellant's motion to stay arbitration and granted respondent-respondent's cross motion to compel arbitration, and order of the same Judge entered September 21, 1988, which granted petitioner's motion for leave to reargue and adhered to the original decision, unanimously modified, on the law, to the extent of limiting the subject of arbitration to

claims that accrued no more than six years before the date of the notice of arbitration and, as so modified, affirmed, without costs or disbursements.

Gil Roller, the subject of the arbitration, was employed by the petitioner, a co-op, as a general manager, for approximately 14 years. He was disqualified from receiving unemployment insurance in an administrative hearing on the basis that he had left his employment for personal and noncompelling reasons.

Respondent, the president of his union, sought arbitration with respect to accrued vacation and sick leave pay as well as termination pay allegedly due. The petitioner contended that such grievance was not arbitrable and that all claims for past vacation and sick leave were barred by the contractual Statute of Limitations.

We have previously determined that such an arbitration should be limited "to claims that accrued no more than six years before the date of the notice of arbitration", and, following precedent, we should so modify. *(Matter of Schwarzler v Garage Employees Union Local No. 272,* 52 AD2d 545; *see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 6.) Concur—Murphy, P. J., Kupferman, Carro, Rosenberger and Smith, JJ.