■ In the Matter of the Arbitration between W. WARREN McGREEVY, as Sheriff of Rensselaer County, Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., on Behalf of JAMES MOORE, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (McDermott, J.), entered June 30, 1988 in Rensselaer County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In February 1987, Sergeant James Moore of the Rensselaer County Sheriff's Department was removed from his position as a security supervisor. Moore unsuccessfully pursued a grievance through the first three steps of the applicable collective bargaining agreement. The third denial was issued on March 6, 1987. By letter dated March 13, 1987, sent by regular mail,

respondent demanded arbitration on behalf of Moore. Petitioner responded with this application to stay arbitration, claiming that the demand was untimely and defective since CPLR 7503 (c) requires that an arbitration demand "be served in the same manner as a summons or by registered or certified mail, return receipt requested". Supreme Court rejected the petition and directed the parties to proceed to arbitration. This appeal ensued.

We affirm. Pursuant to the collective bargaining agreement, a party may demand arbitration by "serving written notice upon the other party". Accordingly, we agree with respondent that the parties contractually waived the more rigorous statutory service requirements (see, Matter of Severin [County of Broome], 89 AD2d 689, 690, lv denied 58 NY2d 605; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7503.26). Moreover, a failure to strictly comply with the service provisions of CPLR 7503 (c) does not justify a stay of arbitration where, as here, no prejudice is claimed and any threshold objections may be presented "via this proceeding to stay arbitration" (Matter of Initial Trends [Campus Outfitters], 58 NY2d 896, 898). Finally, petitioner's assertion of untimeliness is a procedural matter for the arbitrator to resolve (see, Matter of Enlarged City School Dist. [Troy Teachers Assn.], 69 NY2d 905, 907; Matter of City of Albany [Pomakoy], 142 AD2d 775, lv denied 73 NY2d 870).

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.