■ PARK TERRACE GARDENS, INC., Respondent, v GUS BEVONA, as President of Local 32B-32J Service Employees International Union, Appellant.—Judgment, Supreme Court, New York County (Robert White, J.), entered April 21, 1989, which

granted petitioner's application for an order, pursuant to CPLR 7503 (b), permanently staying arbitration, unanimously reversed, on the facts, the law, and in the exercise of discretion, the stay vacated, and the matter remanded for arbitration on claims of alleged reduction in work force and inadequate wages, without costs.

Petitioner, Park Terrace Gardens, Inc., owns and operates a cooperative apartment complex consisting of five buildings situated in northern Manhattan. Among its employees are building superintendents who are members of the respondent union, 32B-32J Service Employees International Union (the Union) and whose responsibilities involve making repairs and supervising other building workers. At issue in this appeal is whether the Union was properly denied arbitration with respect to two claims which are alleged to be covered under mutually binding collective bargaining agreements. The agreements were negotiated and entered into by the Union and the Realty Advisory Board on Labor Relations, Inc. (RAB), an umbrella group comprised of owners and managing agents, to which petitioner belongs, and by whose contract negotiations petitioner has agreed to be bound.

Specifically, the Union claims that the failure of petitioner to replace a building superintendent who retired in July 1981, and the reassignment of his duties to the remaining four superintendents, constitutes a reduction in work force which was effected in violation of article VIII of the 1979 collective bargaining agreement. The Union's second claim is that petitioner unilaterally implemented rules requiring superintendents to be on call beyond their normal work hours, without providing wages for the on-call time, which allegedly violates article XVI (B) (2) of the 1979 agreement, article XV (B) (2) of the 1982 agreement, and article XV (B) (2) of the 1985 agreement.

In granting petitioner's motion to permanently stay arbitration, the IAS Part found that the Union had "not served a notice of intention to arbitrate or anything having the same legal effect" and, further, that the claims were time barred. We reverse.

First, it is noted that article VI (2) of the 1982 agreement, which was in effect at the time that arbitration was initially sought, provides that "the requirements for service of notice in the form prescribed by [CPLR 7503 (c)] are hereby waived". Thus, respondent's letter of August 17, 1981, charging that petitioner had effected a reduction in work force despite its obligations under the 1979 RAB Apartment House Agree-

ment, was timely and adequate notice of this claim. *(See, Matter of McGreevy [Civil Serv. Employees Assn.],* 150 AD2d 891; *Weilwood Fabrics Intl. v Zerbi,* 90 AD2d 453; *Matter of Severin [County of Broome],* 89 AD2d 689, *lv denied* 58 NY2d 605.)

With respect to the wages claim, which the Union alleges began when petitioner instituted a beeper system in 1978, the earliest written notice thereof is dated March 25, 1985. Since the agreements contain no time limitations for the grievance of wage claims—which are, in any event, continuing violations in this case—the sole applicable time bar is the six-year Statute of Limitations set forth in CPLR 213 (2) for the commencement of contract actions. *(See, Hotel Des Artistes v Bevona,* 146 AD2d 526; *Matter of Schwarzler v Garage Employees Union Local No. 272,* 52 AD2d 545.) Thus, any wage claims that accrued no more than six years before the date of the notice are both timely and, together with the work reduction claim, subject to arbitration. Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Wallach, JJ.