OPINION OF THE COURT
Marvin E. Segal, J.
FINDINGS OF FACT
The plaintiff, the Nassau Chapter Civil Service Employees Association, Local 830, AFSCME, Local 1000, AFL-CIO (hereinafter CSEA), is the exclusive bargaining agent for various Nassau County employees, including a unit of security officers employed at Nassau Community College. On or about October 5, 1987, 10 members of the CSEA, employed by the defendants as security officers at Nassau Community College, executed CSEA employee complaint forms, all of which allege a violation of the employee’s right to receive payment of a meal allowance for days on which the employee worked more than three hours overtime in addition to his regular shift.
Thereafter, on or about November 17, 1987, pursuant to the terms of the collective bargaining agreement in effect for the period January 1, 1985 through December 31, 1987 (hereinafter CBA), the CSEA filed a class action grievance alleging that the defendants violated the CBA by failing to pay meal money in accordance with the agreement. Said grievance sought payment of meal money retroactive to 1980. A third step hearing on this grievance was held at the Nassau County Office of Employee Relations on or about March 1, 1988. The grievance was denied, on or about March 23, 1988, on the ground that the grievance was "grossly untimely”. The CSEA proceeded to an advisory appeal of the third step determination to the Nassau County Grievance Board (hereinafter Grievance Board). On or about May 10, 1989, a fourth step hearing was held before the Grievance Board. The written decision of the Grievance Board, dated September 1, 1989, recommends that the grievance should be granted, and that the grievants should receive meal money for dates on which they worked a regular shift plus three hours overtime, in cases where it can be documented that a one-hour break, or *547 less, in service occurred. The decision recommends that relief be granted only as to claims which arose within 60 days prior to November 17, 1987, the date the grievance was filed. On or about September 13, 1989, the County Executive, by his Deputy, Santa Rozzi, concurred with and adopted the findings of the Grievance Board.
On or about August 31, 1990, the plaintiff commenced the above-captioned action seeking the following relief: judgment (a) declaring that the defendants breached the CBA by not paying meal money for violations occurring more than 60 days prior to the filing of the grievance; and (b) directing the defendants to pay meal money owed to the employees of Nassau Community College since January 1, 1980, with interest thereon. The defendants answered the complaint on or about September 19, 1990. The plaintiff now moves the court for summary judgment striking the defendants’ answer, and granting the plaintiff judgment for the relief demanded in its complaint. The defendants cross-move for judgment dismissing the complaint. The plaintiff contends that the defenses set forth in the defendants’ answer are devoid of merit. The defendants move to dismiss the complaint on the grounds that: (1) the action is time barred; (2) the determination under review was rational and proper as a matter of law; (3) the defendants did not violate the CBA; (4) the complaint fails to state a cause of action upon which relief can be granted; and (5) the complaint is barred by the doctrine of loches.
CONCLUSIONS OF LAW
The defendants herein contend that the exclusive remedy available to plaintiff to contest the determination of the Grievance Board was a CPLR article 78 proceeding which, pursuant to CPLR 217, must be commenced within four months after the recommendation of the Grievance Board became final and binding. The defendants assert that the determination at issue herein became final and binding on September 13, 1989, upon the concurrence and adoption of the recommendation by the County Executive. As the instant action was not commenced until August 31, 1990, more than four months after the findings of the Grievance Board became final, the defendants seek dismissal of the complaint as time barred. The defendants further contend that as the proceeding before the court is in the nature of a review of the determination of an administrative agency, the scope of the court’s *548 review is limited to a determination as to whether there was a rational basis for the Grievance Board’s decision, or whether said decision was arbitrary and capricious. The plaintiff contends that the instant action is properly set forth as a declaratory judgment action pursuant to CPLR 3001, seeking judgment declaring that the defendants have violated plaintiff’s contractual rights. The plaintiff contends that as the declaratory judgment action seeks to adjudicate contractual rights, it is governed by the six-year Statute of Limitations set forth in CPLR 213 (2).
Generally, an article 78 proceeding is not the proper procedural vehicle to resolve contractual rights. (Schaffer v Evans, 86 AD2d 708, affd 57 NY2d 992; Automated Ticket Sys. v Quinn, 70 AD2d 726, mod on other grounds 49 NY2d 792; Matter of Phalen v Theatrical Protective Union No. 1, 27 AD2d 909, revd 22 NY2d 34; Matter of City Constr. Dev. v Commissioner of N. Y. State Off. of Gen. Servs., 176 AD2d 1145; Matter of Mohican Cable T. V. Corp. v Cronin, 34 AD2d 692; Matter of Corbeau Constr. Corp. v Board of Educ., 32 AD2d 958.) Further, the law in this State is clear that absent a contractual provision whereby a union voluntarily and unequivocally surrenders its right to resort to the courts to enforce the CBA (see, Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau, 84 AD2d 784; Aloi v Board of Educ., 81 AD2d 874; Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 NY 288), a union may properly bring a declaratory judgment action to construe the rights of its members under the CBA (see, Matter of Hertz v Rozzi, 148 AD2d 535; Matter of County of Broome [Rauen] 130 AD2d 811; Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau, supra; Aloi v Board of Educ., supra; Cromer v County of Nassau, 77 AD2d 610; O’Brien v Board of Educ., 71 AD2d 605).
The Statute of Limitations applicable to a declaratory judgment action depends on the nature of the underlying claim (see, Solnick v Whalen, 49 NY2d 224). A declaratory judgment action which seeks judgment construing the plaintiff’s rights under a CBA is an action on the contract governed by the six-year limitation period set forth in CPLR 213 (2) (see, Matter of Hertz v Rozzi, supra; Aloi v Board of Educ., supra; Cromer v County of Nassau, supra). Plaintiff’s action herein, properly commenced as a declaratory judgment action, is not time barred. Further, the issue before the court is not limited to a review of the recommendation of the Grievance Board. *549 Rather, plaintiff is entitled to a de nova determination of its cause of action by the court.
Neither party herein contests the finding by the Grievance Board that the defendants violated the CBA by failing to pay meal money to employees who worked three hours overtime with a one hour, or less, break in service. The plaintiff, however, disagrees with the recommendation by the Grievance Board that the defendants are obligated only to afford relief for violations of the agreement which occurred within 60 days prior to November 17, 1987, the date on which the plaintiff filed a class action grievance. The plaintiff contends (1) that the CBA contains no limitation of the period within which the CSEA may file a class action grievance; (2) that plaintiff could not maintain the instant action until it exhausted its administrative remedies; (3) that a cause of action does not accrue until such time as a plaintiff may properly commence an action; (4) that the cause of action herein therefor accrued on September 13, 1989, upon the exhaustion of plaintiff’s administrative remedies; and (5) that pursuant to CPLR 213 (2), a cause of action upon a contractual obligation must be commenced within six years after the accrual of the action. Based upon the above reasoning, the plaintiff concludes that the complaint herein was timely served, and that it is entitled to relief retroactive to 1980.
The purpose of a Statute of Limitations is to protect citizens from stale and vexatious claims, and to end the possibility of litigation after the lapse of a reasonable period of time. (Guaranty Trust Co. v United States, 304 US 126; Vastola v Maer, 48 AD2d 561, affd 39 NY2d 1019.) The Statutes of Limitations are more than provisions or rules of practice and procedure; they embody an important policy of giving reposes to human affairs. (Cerio v Charles Plumbing & Heating, 87 AD2d 972.)
Unless modified by the terms of the agreement, the Statute of Limitations governing a contractual obligation is six years from the time the action accrues, and an action for breach of contract accrues upon the occurrence of the breach (see, Kassner & Co. v City of New York, 46 NY2d 544; Bernstein v La Rue, 120 AD2d 476, lv dismissed 70 NY2d 746; Medical Facilities v Pryke, 95 AD2d 692, affd 62 NY2d 716; State of New York v Lundin, 91 AD2d 343, affd 60 NY2d 987). Where a CBA contains no time limitation for the grievance of wage claims, which are continuing violations, the sole applicable time bar is the six-year Statute of Limitations set forth in *550 CPLR 213 (2) for the commencement of contract actions (Park Terrace Gardens v Bevona, 161 AD2d 510, 512, lv denied 77 NY2d 802; Hotel Des Artistes v Bevona, 146 AD2d 526; Matter of Schwarzler v Garage Employees Union Local No. 272, 52 AD2d 545). Accordingly, if the CBA herein contains no time limitation for the filing of a class action grievance, the Grievance Board should have afforded relief to the plaintiff for all claims which arose within the six years immediately preceding the filing of the grievance. This would encompass all meal money claims retroactive to November 17, 1981.
The defendants contend, however, that the CBA clearly and unequivocally provides at section 23 that the contractual Statute of Limitations is 60 days, and that a violation of the CBA is waived if not grieved within 60 days of the occurrence of the violation. The plaintiff concedes that an individual employee, whose personal rights have been violated under the CBA, must file a grievance within 60 days of the occurrence of the violation. Plaintiff asserts, however, that the plain and unequivocal language of section 23 of the CBA contains no contractual limitation of the statutory six-year limitation period set forth in CPLR 213 (2), in regard to class action grievances filed by the president of the CSEA, which seek redress for contractual violations which affect the rights of more than one individual. Neither side has presented, nor has the court found, any dispositive case law construing a contractual provision similiar to that at issue herein.
Parties to a written agreement may provide that any suit arising from the agreement must be commenced within a period shorter than that prescribed by law (see, CPLR 201; Spataro v Kloster Cruise, 894 F2d 44; Kassner & Co. v City of New York, supra; Snyder v Gallagher Truck Center, 89 AD2d 705, lv denied 57 NY2d 609). The intent to shorten the period of limitations must, however, be clearly and unequivocally set forth in the agreement itself. (Dorff v Taya, 194 App Div 278.) A party to a contract does not surrender his right to resort to the courts, with all of their safeguards, unless he has agreed, in writing, to do so, by clear language. Further, an " 'agreement to do so will not be extended by construction or implication’ ” (Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau, supra, at 785, quoting Western Assur. Co. v Decker, 98 F 381, 382; see also, Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], supra, at 288, 289). The provisions of a CBA limiting the time within which relief must be sought will be strictly enforced, unless said provisions are *551 unreasonable or ambiguous (City of Auburn v Nash, 34 AD2d 345, 346).
Section 23 of the CBA at issue herein provides as follows: "All employees have the right to present their grievances in accordance with the procedures described herein, with or without the assistance of a representative of the Union, and free from interference, coercion, restraint, discrimination, or reprisal. The Union shall have a right to have a representative present at each grievance step and to be notified of each decision. However, no grievance shall be heard unless the employee had proceeded to step 1 within 60 days after the occurrence of the event grieved or within 60 days after the employee should have known of the occurrence. The President of the Union may initiate a grievance at step 3 provided it does not merely affect an individual.” (Emphasis added.) (Step 1 is an oral complaint to an immediate supervisor; step 3 requires the filing of a written notice of a grievance with the Director of the Office of Employee Relations.)
The clear and unambiguous language of section 23 states (1) that an employee must proceed to step 1 within 60 days after the occurrence of the grievance; and (2) that the president of the Union may initiate a grievance at step 3, provided the grievance affects the rights of more than one employee. Section 23 does not state that the president of the Union must commence a class action grievance by filing notice with the Director of the Office of Employee Relations within 60 days of the occurrence. A court may not impair a party’s ability to seek statutorily authorized access to the courts by construction or implication of a contractual provision. (Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau, supra.) The CBA herein does not clearly and unequivocally shorten the statutory period set forth in CPLR 213 (2), of six years to 60 days, with regard to class action grievances brought by the president of the CSEA. Accordingly, as the CBA in effect at the time the grievance was filed, as well as CBA’s in effect prior thereto, required the payment of meal money, the Grievance Board should have afforded the plaintiff relief retroactive to November 16, 1981.
The matter before the court is not, however, a proceeding seeking review of the adoption of the recommendation of the Grievance Board by the County Executive. The matter before the court, an action commenced August 31, 1990 whereby the plaintiff seeks declaratory relief to redress contractual violations, is an alternative procedural remedy, separate and dis *552 tinct from any right plaintiff may have had to seek article 78 relief. The issue which remains before the court is the date upon which said cause of action accrued. As was set forth at length hereinabove, an action for breach of contract accrues upon the occurrence of the breach. Under that rule of law, the plaintiff herein would be entitled to relief only retroactive to August 31, 1984, six years prior to the commencement of the action for declaratory relief presently before the court. There is, however, another rule of law which provides that a cause of action does not accrue until its enforcement becomes possible (see, City of New York v State of New York, 40 NY2d 659; Jacobus v Colgate, 217 NY 235; Roldan v Allstate Ins. Co., 149 AD2d 20; Matter of City of White Plains v City of New York, 63 AD2d 396). Section 23-2 (c) of the CBA requires the exhaustion of grievance procedures as a condition precedent to plaintiff’s right to commence an action at law. The plaintiff contends that as it was contractually precluded from commencing the instant action until after the exhaustion of grievance procedures on September 13, 1989, its cause of action herein did not accrue until that date. Again, neither side has presented, nor has the court located any precedent establishing the date of the accrual of a declaratory judgment action seeking the redress of contractual violations, wherein the exhaustion of grievance procedures is a condition precedent to the commencement of an action at law.
If the action herein accrued as of the date of the exhaustion of grievance procedures, the plaintiff would in effect have six years within which to file a grievance, and an additional six years within which to commence a declaratory judgment action after the final determination of the grievance. This would extend the Statute of Limitations for a period of more than 12 years. While section 23-2 (c) of the CBA clearly requires the exhaustion of grievance procedures as a condition precedent to the commencement of an action at law, the agreement does not provide for a toll of the Statute of Limitations during the period that the grievance procedures are conducted (see, Robinson v City of New York, 24 AD2d 260).
Just as section 23 of the CBA cannot be construed so as to reduce the Statute of Limitations set forth in CPLR 213 (2) to 60 days, similarly it should not be interpreted to extend the Statute of Limitations for a period beyond the statute. The plaintiff is, therefore, entitled to declaratory relief only as to *553 violations of the CBA which occurred within the six years immediately preceding the commencement of this action.
Accordingly, the plaintiff’s motion for summary judgment against the defendants for the relief sought in the complaint is granted to the following extent:
1. Plaintiff is granted judgment declaring that the defendants breached the subject CBA since August 31, 1984, by failing to pay meal money to employees who worked three hours overtime, in addition to their regular shift, with a break in service of one hour or less.
2. The defendant Nassau Community College is directed to pay all employees who, on any date since August 31, 1984, worked three hours overtime, plus their regular shifts with a one hour or less break in service, meal money in accordance with the contractual allotment in effect at the time of the breach, with interest thereon from the date of the breach.
3. Plaintiff is awarded costs and disbursements of the action.
4. The defendants’ cross motion for summary judgment dismissing the complaint is denied.