OPINION OF THE COURT
David Friedman, J.
General Business Law § 198-b, the Used Car Lemon Law, provides for arbitration of disputes between used car dealers and their customers. The issue presented by the motion pending before the court concerns the type of service to which a used car dealer is entitled when it is being notified that the dispute is to be arbitrated. The applicable statutes and regulations indicate that service by ordinary mail is sufficient.
On April 6, 1991 plaintiff purchased a 1982 Jaguar from defendant used car dealer. Plaintiff, being dissatisfied with the performance of the car, filed for arbitration pursuant to the Lemon Law. Thus in a letter dated July 2, 1991 and addressed *602 to both plaintiff and defendant the American Arbitration Association advised that a hearing had been scheduled for August 1, 1991. A subsequent letter dated July 8, 1991 from the American Arbitration Association addressed to both parties again advised that a hearing was scheduled for August 1, 1991.
On that date a hearing was held but defendant did not appear. The arbitrator directed defendant to refund $6,300 representing the price of the car plus the $100 filing fee for the arbitration. A copy of the award is dated August 1, 1991 and addressed to both parties with the notation that it was mailed August 1,1991.
Defendant failed to comply with the award and plaintiff, acting pro se, commenced this action by summons and endorsed complaint dated September 3, 1991. The endorsed complaint stated plaintiff’s cause of action as follows: "Failure to provide proper service. Failure to return money. Breach of contract. Loss of use of property. American Arbitration Association award under the Lemon Law refusal to refund monies (award) [sic]. ”
Defendant interposed an answer asserting a general denial and affirmative defenses of failure to set forth any cause of action, failure by plaintiff to produce the Jaguar for inspection and lack of knowledge of any arbitration award.
The action thereafter appeared on the PA-I calendar four times. On the fifth occasion, February 22, 1993, defendant failed to appear and an inquest was taken with plaintiff being awarded a judgment of $6,300 plus interest, costs and disbursements. Defendant has now moved to vacate this default judgment.
In support of the motion defendant’s counsel argues that his failure to appear on February 22, 1993 should be excused because weather conditions delayed his plane flight from Florida making it impossible for him to timely appear in court. As to the merits of the case defendant asserts that plaintiff drove the allegedly defective Jaguar for more than 10,000 miles. More significantly, it contends that the court’s judgment is based on an arbitration award made in contravention of statutory service requirements. That is the American Arbitration Association before conducting its August 1, 1991 hearing failed to properly notify it of the hearing in that it did not serve it with notice personally or by registered or certified mail. In this regard defendant’s president avers that he never received *603 any notice of any hearings or decisions by the American Arbitration Association. Finally, defendant makes the point that plaintiff should have brought a proceeding pursuant to CPLR article 75 to confirm the award rather than this action.
To oppose the motion plaintiff retained counsel. Counsel contends that while plaintiff acting pro se commenced an action rather than a proceeding to confirm arbitration, this is essentially just such a proceeding to which defendant has no defense. There is no defense according to plaintiff because defendant was properly notified of the arbitration but chose to default and defendant should bear the consequences of that choice (Thermasol, Ltd. v Dreiske, 78 AD2d 838, affd 52 NY2d 1069).
For purposes of this motion the court credits defendant’s allegations about the weather on February 22, 1993 thus finding that there was an excusable default. However, in order to be entitled to vacatur of the judgment defendant must also show a meritorious defense. Whether a meritorious defense has been demonstrated hinges upon the validity of the August 1, 1991 arbitration award. If the award was properly rendered, defendant is bound by the findings of the arbitrator and confirmation of the award would be warranted. In my view defendant has failed to set forth any basis for upsetting the arbitrator’s award (see, CPLR 7511 [b] [1]; Siegel, NY Prac § 602, at 970; § 603, at 974 [2d ed]). Thus it has failed to meet its burden of establishing a meritorious defense.
At the outset it should be observed that plaintiff’s commencement of an action rather than a special proceeding to confirm the arbitrator’s award is a nonprejudicial defect in form which may be disregarded (Siegel, NY Prac § 547, at 861 [2d ed]). Additionally, this court has jurisdiction over the award in question since its amount is within this court’s jurisdictional limits (CCA 206 [b]).
In considering the validity of the arbitration award the emergent issue concerns the manner of service on an automobile dealer under the Lemon Law. Defendant argues that notice of the August 1, 1991 hearing and subsequent award was required to be served personally, or by registered or certified mail pursuant to CPLR 7506 and 7507.
It is true that CPLR 7506 and 7507 require such service in regard to arbitration that emanates from an agreement to arbitrate. The genesis of the arbitration in issue here however is General Business Law § 198-b (f) (3) which provides:
*604 "[A] consumer shall have the option of submitting any dispute arising under this section to * * * arbitration * * * pursuant to regulations promulgated * * * by the attorney general * * *
"Such * * * arbitration shall be conducted by a professional * * * arbitration firm appointed by and under regulations established by the attorney general. Such mechanism shall ensure * * * the right of each party to present its case [and] to be in attendance during any presentation made by the other party * * * In all other respects, such * * * arbitration mechanism shall be governed by article seventy-five of the civil practice law and rules.”
The regulations effectuating General Business Law § 198-b are entitled the "New York Lemon Law Arbitration Program” and are found at 13 NYCRR part 300. What these regulations show is that for a consumer such as plaintiff arbitration is commenced by submitting a request to the Attorney-General. If the Attorney-General accepts the request it is then referred to the administrator of the program, i.e., the American Arbitration Association, for processing (13 NYCRR 300.4). What section 300.6 (a) of the regulations makes clear is that notice of the arbitration need only be mailed to the car dealer. There is no reference to personal service or certified or registered mail. Similarly section 300.7 (c) in detailing the scheduling of arbitration hearings provides that "[w]ithin five days of the filing date, the administrator shall send * * * the dealer * * * a copy of the consumer’s completed form [requesting arbitration].” Here again the regulatory scheme fails to require notice being given personally, or by registered or certified mail. What follows is that defendant’s contentions regarding service of notice lack merit. (Oehmke, Commercial Arbitration § 3:22, at 46; § 13:1, at 200.)
What remains are defendant’s bald assertions that it did not receive the ordinary mailings of notice of filing of the case, notice of hearing, and notice of the arbitrator’s decision. The claim that all these mailings failed to arrive cannot be credited. Defendant has failed to come forward with any credible evidence rebutting the well-recognized presumption of delivery where mailing is shown (Richardson, Evidence § 80, at 55 [Prince 10th ed]). Hence it would appear that defendant decided to ignore the arbitration hearing.
The result is that the court is constrained to conclude that the arbitration hearing of August 1, 1991 was properly held *605 and the award duly entered. Defendant is therefore bound by that award and barred from relitigating the underlying merits of the case. It follows that the motion must be denied. To do otherwise would undermine the purpose of the Lemon Law Arbitration Program which is "to promote the independent, speedy, efficient and fair disposition of disputes concerning defective * * * used motor vehicles” (13 NYCRR 300.1 [b]).