■ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v SAMUEL KAHAN, Appellant, and AETNA CASUALTY AND INSURANCE COMPANY et al., Respondents. [648 NYS2d 162] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Nassau County (Trainor, R.), dated August 8, 1995, which denied the appellant's motion to dismiss the petition on the ground that service upon him was improper.

Ordered that the order is affirmed, with costs.

On December 19, 1992, the appellant was involved in a three-vehicle accident. The appellant's attorney served upon his client's insurance company a notice of intention to arbitrate and demand for arbitration by certified mail, return receipt requested, pursuant to the uninsured motorist endorsement of the insurance policy applicable to the vehicle. The attorney's name did not appear on the notice, although the attorney's name and address appeared on the envelope containing the notice and demand and on the return receipt. In response, the insurance company served upon the appellant's attorney a notice of petition to stay the arbitration on the ground that the accident did not involve an uninsured motorist. In opposition to the petition for a stay of arbitration, the appellant sought to dismiss the petition alleging, *inter alia,* that it was improperly served pursuant to CPLR 7503 (c) because it was served upon the appellant's attorney, and the attorney's name did not appear on the notice and demand to arbitrate.

We agree with the Supreme Court that service of the notice of the petition to stay arbitration upon the appellant's attorney, who had made the demand, properly conferred jurisdiction on the court *(see, Matter of Knickerbocker Ins. Co. [Gilbert],* 28 NY2d 57, 65). Where, as here, the appellant had

effectively appointed his attorney as agent for service of process, the appellant received actual notice of the petition, and there was no prejudice to the appellant, the petitioner's failure to strictly comply with the provisions of CPLR 7503 (c) was a mere irregularity *(see, Matter of Initial Trends [Campus Outfitters],* 58 NY2d 896; *Matter of Knickerbocker Ins. Co. [Gilbert], supra; cf., Matter of Yak Taxi v Teke,* 41 NY2d 1020). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.