OPINION OF THE COURT
Arthur W. Lonschein, J.
This motion for an order vacating an arbitration award and petition is dismissed. The alternate arbitration mechanism set forth in section 198-b of the General Business Law and the *1014 regulations promulgated thereunder, 13 NYCRR part 300, establish a compulsory arbitration process for Lemon Law disputes. These regulations contain procedural safeguards, and therefore comport with due process. (See, Lyeth v Chrysler Corp., 929 F2d 891.) The governing regulations provide that the administrator, appointed by the Attorney-General, assign an arbitrator, and inform the arbitrator and the parties of the assignment by mail; notify the dealer of the consumer’s request for arbitration; and notify the parties of the date, time and place of the hearing at least eight days prior to its scheduled date. (13 NYCRR 300.6, 300.7.) The administrator, unlike an arbitrator under CPLR 7506 (b), is not required to notify the parties “personally or by registered or certified mail”. The notice provisions set forth in the governing regulations are calculated to give the parties notice of the proceedings and an opportunity to be heard, and thus comport with due process. (See, Smith v Brooklyn Car Connection, 158 Misc 2d 601.) Contrary to petitioner’s assertions, neither due process nor General Business Law § 198-b require that the administrator adopt the methods of service set forth in CPLR 7506 (b). The evidence presented herein establishes that the administrator followed the notice provisions set forth in the governing regulations, and therefore afforded petitioner due process. (See, Motor Vehicle Mfrs. Assn. v State of New York, 75 NY2d 175; cf., Matter of Eagle Ins. Co. [National Union Fire Ins. Co.], 202 AD2d 273.)