■ In the Matter of Blue Ridge Insurance Company, Appellant, v Robert Russo, Respondent. [769 NYS2d 592]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), entered November 6, 2002, which, after a nonjury trial, denied the petition and allowed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

Robert Russo was injured when he lost control of his Jeep after an unknown vehicle traveling on the same road but coming from the opposite direction allegedly cut him off by making a left turn in front of him. Russo's vehicle proceeded to flip over and hit some parked cars and a light pole; the unidentified vehicle never stopped.

Russo, using regular mail, served a demand for arbitration on the petitioner, Blue Ridge Insurance Company (hereinafter Blue Ridge), pursuant to the uninsured motorist benefits provision of the policy that Blue Ridge issued on Russo's vehicle.

Blue Ridge brought this proceeding pursuant to CPLR article 75 to permanently stay arbitration, contending that the demand for arbitration was improperly served and that it never received it. Blue Ridge also contended that, in any event, the policy at issue only provided for uninsured motorist benefits if there was physical contact between the insured's vehicle and the "hit-and-run" vehicle, and there was no physical contact in the subject accident.

The matter was referred to a Judicial Hearing Officer (hereinafter the J.H.O.) to hear and determine. The J.H.O. heard testimony from Russo and an independent eyewitness named Gilbert Estevez, also known as Luis Rodriguez, supporting Russo's claim that there had been contact. He also heard testimony from Blue Ridge's expert accident reconstructionist, Nicholas Bellizzi, who opined that there had been no contact.

In his decision, the J.H.O. did not credit the testimony of Estevez who, inter alia, admitted he lied to the police at the scene of the accident. In addition, the J.H.O. gave little weight to the opinion of Bellizzi, finding that it lacked a sufficient foundation.

However, while acknowledging that Russo's testimony was self-serving, the J.H.O. did credit it and, accordingly, denied the petition, holding that there had been contact and Blue Ridge was not entitled to a stay of arbitration merely because the demand for arbitration had been served by regular mail.

Blue Ridge appeals on the grounds, inter alia, that the denial of its application for a continuance was an improvident exercise of discretion and that the manner of service of the demand for arbitration rendered it a nullity. As to the continuance, the testimony Blue Ridge sought to secure thereby would at best have been speculative and therefore of no material value. Moreover, the Supreme Court properly determined that the service did not render the demand a nullity and that the matter could proceed (*see Matter of Initial Trends [Campus Outfitters],* 58 NY2d 896 [1983]).

The remaining contentions of Blue Ridge are without merit. Altman, J.P., Florio, Friedmann and Mastro, JJ., concur.