■ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents, v COUNTY OF NASSAU, Appellant. [927 NYS2d 104]—

In an action to recover damages for breach of a collective bargaining agreement, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Winslow, J.) entered August 7, 2009, which denied its motion for summary judgment

dismissing the complaint and granted the plaintiffs' cross motion for summary judgment on the issue of liability, and (2) an interlocutory judgment of the same court dated September 16, 2009, which, upon the order, is in favor of the plaintiffs and against it on the issue of liability and directed an inquest on damages.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as the order was superseded by the interlocutory judgment entered thereon; and it is further,

Ordered that the interlocutory judgment is modified, on the law, (1) by deleting from the first decretal paragraph thereof the words "the County of Nassau has breached Section 25-5 of the 1998-2002 CBA to the extent that it improperly placed employees promoted in calendar years 1999 and 2000 in the incorrect step/grade on the relevant graded salary schedule," and substituting therefor the words "the County of Nassau has breached Section 25-5 of the 1998-2002 CBA to the extent that it improperly placed employees promoted between April 11, 2000, and December 31, 2000, in the incorrect step/grade on the relevant graded salary schedule," and (2) by adding a provision thereto dismissing so much of the complaint as alleged that the defendant breached section 25-5 of the 1998-2002 CBA to the extent that it improperly placed employees promoted before April 11, 2000, in the incorrect step/grade; as so modified, the interlocutory judgment is affirmed, without costs or disbursements, that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged that the defendant breached section 25-5 of the 1998-2002 CBA to the extent that it improperly placed employees promoted before April 11, 2000, in the incorrect step/grade is granted, that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability with respect to employees promoted before April 11, 2000, is denied, and the order entered August 7, 2009, is modified accordingly.

The plaintiffs commenced this action on April 11, 2006, alleging that the defendant County of Nassau breached a provision in the collective bargaining agreement (hereinafter the CBA) executed by the county and the plaintiff Civil Service Employees Association, Inc. (hereinafter the Union). More specifically, the plaintiffs, a group composed of the Union and various county employees, alleged that in violation of the CBA, the county improperly placed employees promoted in calendar years 1999 and 2000 in the incorrect step or grade on the relevant graded salary schedule. Both the plaintiffs and the County moved for summary judgment. The Supreme Court denied the county's

motion for summary judgment dismissing the complaint, granted the plaintiffs' cross motion for summary judgment on the issue of liability, and directed an inquest on the issue of damages. The county appeals.

Contrary to the county's contention, the complaint is not barred by the doctrine of res judicata. While an arbitrator previously denied the Union's request for a finding that the county had breached the CBA with respect to its handling of pre-2001 promotions, under the specific terms of the CBA, that advisory determination never became binding on the Union.

The county correctly contends, however, that the six-year statute of limitations for an action upon a contractual obligation (*see* CPLR 213 [2]) applies to the plaintiffs' action. The plaintiffs insist that the statute of limitations was tolled to allow them to go through the internal grievance process, as they were required to do pursuant to the CBA's terms. In the absence of a provision in the CBA providing for the tolling of the statute of limitations while the plaintiffs exhausted the grievance process, the mere fact that the CBA required the plaintiffs to exhaust the grievance process before filing suit in state court did not toll the statute of limitations (*see Nassau Ch. Civ. Serv. Empls. Assn., Local 830, AFSCME, Local 1000, AFL-CIO v County of Nassau*, 154 Misc 2d 545, 552-553 [1992], *affd* 203 AD2d 267 [1994]; *see also Pinder v City of New York*, 49 AD3d 280, 281 [2008]). Accordingly, because the complaint was filed on April 11, 2006, the plaintiffs may only attempt to recover breach of contract damages for acts occurring on or after April 11, 2000.

The parties' remaining contentions are without merit. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur. **[Prior Case History: 24 Misc 3d 1240(A), 2009 NY Slip Op 51819(U).]**