OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, the petition to confirm the arbitration award is granted, and the matter is remitted to the District Court for further proceedings including the entry of judgment.
In this proceeding to confirm an arbitration award, petitioner alleges that the parties entered into a written agreement which provided that any controversy or claim arising out of the agreement would be settled by arbitration in accordance with the Commercial Arbitration Rules of the National Arbitration Association, which rules were available at http://www.natarb.com. The rules provided for service by mail of “any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules; for any court action in connection therewith; or for the entry of judgment on any award made under these rules” (rule 33 [a]). Petitioner commenced an arbitration on July 29, 2010 by serving a demand for arbitration by ordinary mail. After respondent failed to answer or appear at the arbitration hearing, the arbitrator rendered an award in favor of petitioner, which, on August 30, 2010, was sent to respondent by ordinary mail. Thereafter, petitioner commenced this special proceeding, pursuant to CPLR article 75, to confirm the arbitration award. Service of the notice of petition and petition was personally made on respondent’s president and on the Secretary of State, pursuant to CPLR 311. Respondent did not answer the petition. Although the petition was unopposed, the District Court denied the petition to confirm the award and dismissed the proceeding, on the ground that the demand for arbitration was not served in accordance with CPLR 7503 (c). Petitioner appeals and we reverse.
CPLR 7503 (c) provides that a demand for arbitration or a notice of intention to arbitrate must be served “in the same manner as a summons or by registered or certified mail, return receipt requested.” However, the parties may agree to an alternative manner of service, and a contractual provision for such service will be upheld in the absence of prejudice (see Weilwood Fabrics Intl. v Zerbi, 90 AD2d 453 [1982]; Thermasol, Ltd. *57 v Dreiske, 78 AD2d 838 [1980], affd 52 NY2d 1069 [1981]; see also Matter of Severin [County of Broome], 89 AD2d 689 [1982]). Moreover, it is for the arbitrator to determine whether there has been compliance with the manner of service of a demand for arbitration (see Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1 [1980]), and the arbitrator, in the arbitrator’s award in this case, determined that respondent had been “duly and properly served with Notice of these proceedings.”
Since petitioner made its application to confirm the arbitrator’s award within one year after delivery of the award (CPLR 7510), and since the petition and notice of petition were properly served on respondent pursuant to CPLR 311 (cf. New York Merchants Protective Co., Inc. v Rojas, 31 Misc 3d 134[A], 2011 NY Slip Op 50630[U] [App Term, 9th & 10th Jud Dists 2011]), we find that petitioner made a sufficient showing of entitlement to confirmation of the award and to the entry of a judgment thereon.
Accordingly, this unopposed petition to confirm the arbitration award is granted and the matter is remitted to the District Court for further proceedings including the entry of judgment.
Molía, J.P, LaCava and Iannacci, JJ., concur.