DIANA JOY INGHAM, Derivatively on Behalf of COBALT ASSET MANAGEMENT, L.P., Appellant, v CHARLES R. THOMPSON et al., Respondents, et al., Defendants, et al., Nominal Defendant. [980 NYS2d 385]—

CPLR 7511 provides the exclusive grounds for vacatur of an arbitration award, and none of those grounds have been presented here (*see Frankel v Sardis*, 76 AD3d 136, 139 [1st Dept 2010]; *Matter of New York State Nurses Assn. [Nyack Hosp.]*, 258 AD2d 303 [1st Dept 1999], *lv denied* 93 NY2d 810 [1999]). Hence, the Supreme Court should have granted plaintiff's motion to confirm the arbitration award, and denied respondents' cross motion to vacate it.

Respondents' arguments that plaintiff should have been disqualified from maintaining the arbitration proceeding alleging, inter alia, breach of fiduciary duty, fraud, negligent mismanagement, and waste of assets, because she initially asserted individual claims alongside the derivative claims on behalf of the limited partnership, and settled with one of the defendants on behalf of herself and the limited partnership, are unavailing. Arbitrators are not bound by the principles of substantive law

and, short of complete irrationality, they may craft an award to reach a just result (*see Matter of Raisler Corp. [New York City Hous. Auth.]*, 32 NY2d 274, 282-283 [1973]; *Lentine v Fundaro*, 29 NY2d 382, 385-386 [1972]). Even mistakes of fact and law do not warrant vacatur of an otherwise rational award (*see Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-155 [1995]). Here, the parties extensively briefed and argued the issue of whether plaintiff could maintain the proceeding before the three-member panel, which unanimously ruled that plaintiff had cured any defect by withdrawing her individual claims, which the panel also dismissed. Moreover, the panel approved the settlement, and conditioned the award on plaintiff's turning over the settlement funds to the limited partnership. It cannot be said that the panel's determination concerning plaintiff's purported conflict of interest evinced complete or total irrationality, and hence, the award should be confirmed (*see Matter of Roffler v Spear, Leeds & Kellogg*, 13 AD3d 308 [1st Dept 2004]). Concur—Tom, J.P., Acosta, Andrias, Freedman and Feinman, JJ.