■ AIG et al., Respondents, v HEALTH INSURANCE PLAN OF GREATER NEW YORK et al., Appellants. AIG et al., Respondents, v GROUP HEALTH INCORPORATED et al., Appellants. AIG et al., Respondents, v HEALTH INSURANCE PLAN OF GREATER NEW YORK et al., Appellants. [5 NYS3d 27]—

Three orders and judgments (three papers), Supreme Court, New York County (Alice Schlesinger, J.), entered July 22, 2013,

which granted petitioners' CPLR article 75 petitions to vacate July 5, 2012 arbitration awards rendered in favor of respondents and against petitioners, and directed respondents to submit HIMP-1 forms to petitioners in the event they seek new arbitrations in these matters, unanimously affirmed, with costs.

Although the IAS court, in analyzing the petitions, should have applied CPLR 7511, instead of CPLR 5015 (*see Ingham v Thompson*, 113 AD3d 534, 534 [1st Dept 2014], *lv denied* 22 NY3d 866 [2014]), the court correctly granted the petitions, as petitioners did not have proper notice of these compulsory arbitrations (*see* 12 NYCRR subpart 325-6; *see also Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996] [closer judicial scrutiny is applied where arbitration is compulsory]). Although respondents submitted sufficient proof of the mailing and delivery of their HIMP-1 and HIMP-3 forms, it is undisputed that the notices of the requests for arbitration before the AAA, the "dispute forum," were faxed and not mailed to petitioners, as required by 12 NYCRR 325-6.10. Since petitioners were prejudiced by the awards entered upon their unintentional default, the court correctly vacated the awards (*see* CPLR 7511 [b] [2] [i]; [b] [1] [i]; *compare Thermasol, Ltd. v Dreiske*, 78 AD2d 838 [1st Dept 1980], *affd* 52 NY2d 1069 [1981], *cert denied* 454 US 826 [1981] [court erred in vacating award, where the respondent received proper notice of the pending arbitration proceedings and thus his rights were not impaired]).

Upon vacating the awards, rather than remanding to the same or new arbitrator (*see* CPLR 7511 [d]), the IAS court properly directed respondents to restart the dispute resolution process in accordance with 12 NYCRR subpart 325-6 in the event they decide to seek new arbitrations in these matters. Concur—Friedman, J.P., Sweeny, Saxe, Feinman and Clark, JJ.