Matter of NRT N.Y. LLC v Spell (2018 NY Slip Op 07664)





Matter of NRT N.Y. LLC v Spell


2018 NY Slip Op 07664


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, Singh, JJ.


7587 652641/17

[*1]In re NRT New York LLC doing business as Citihabitats, Petitioner-Respondent,
v
Suzy Spell, et al., Respondents-Appellants.


CKR Law, LLP, New York (Siddartha Rao of counsel), for appellants.
Margolin & Pierce, LLP, New York (Errol F. Margolin of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 2, 2018, which, upon a decision dated January 29, 2018 granted petitioner's motion to vacate an arbitration award, vacated the arbitration award, and directed judgment in favor of petitioner in the amount of $183,000, unanimously reversed, on the law, without costs, the motion denied, and the award confirmed. The Clerk is directed to enter judgment in favor of respondents.
Petitioner Citihabitats commenced the underlying arbitration to recover a sales commission pursuant to an Exclusive Agency to Lease Agreement (Agreement) entered into by respondent Suzy Spell concerning respondent Charles Spell's condominium apartment. Under the Agreement, Citihabitats was entitled to recover a rental commission from any tenant who rented the apartment during the term of the Agreement, if Citihabitat procured the transaction. Citihabitats was also entitled to recover a 6% sales commission from the Spells if they sold the apartment to a tenant "procured by" Citihabits "within 6 months after expiration of the lease term or extension thereof." Shortly after the Agreement was executed, the Spells entered into a one-year lease renting the apartment to the Farhats, who were introduced by another broker, and the Farhats paid a commission to Citihabitats. Almost two years later, the Farhats bought the apartment.
After hearing testimony, the arbitrator concluded that, upon expiration of the lease term, the Farhats continued to occupy the premises on a month-to-month basis. Therefore no sales commission was due under the Agreement. The arbitrator also noted factors supporting his conclusion that denying Citihabitats' claim was equitable.
CPLR 7511 provides just four grounds for vacating an arbitration award, including that the arbitrator "exceeded his power" (CPLR 7511[b][1][iii]), which "occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]). Mere errors of fact or law are insufficient to vacate an arbitral award (Matter of Kowaleski, 16 NY3d 85, 90-91 [2010]). "[C]ourts are obligated to give deference to the decision of the arbitrator, ... even if the arbitrator misapplied the substantive law in the area of the contract" (id.).
Here, the arbitrator's conclusion that a sales commission was not due under the precise terms of the Agreement because the lease was not extended is neither wholly irrational nor [*2]contrary to any strong public policy. Accordingly, the motion to vacate should have been denied and the award confirmed (see Ingham v Thompson, 113 AD3d 534 [1st Dept 2014], lv denied 22 NY3d 866 [2014]; CPLR 7511[e]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK