OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, Rensselaer County, reinstated.
 

 
 *906
 
 As part of their collective bargaining agreement for the 1983 to 1986 school years, petitioner School District and respondent Teachers Association agreed that vacancies in instructional positions would be filled from within the bargaining unit. Petitioner thereafter appointed a nonmember of the bargaining unit to the part-time position of head varsity basketball coach for the 1984-1985 season. Two members of the unit — each of them previously head basketball coach at Troy High School — applied for the position and were rejected. While petitioner alleges that these two members were found unqualified, this allegation is disputed. Following the appointment of the nonmember, respondent association filed a grievance; upon denial of that grievance, it demanded arbitration, claiming that the appointment violated the collective bargaining agreement and seeking immediate appointment of one of the member applicants together with back pay and benefits. In this CPLR article 75 proceeding, petitioner School District seeks to stay arbitration of the dispute on public policy grounds. Special Term denied the application for a stay and ordered arbitration, but the Appellate Division reversed and granted a stay. We granted leave to appeal (68 NY2d 608).
 

 The court’s role in reviewing applications to stay arbitration is of course a limited one: "it is not for the courts to interpret the substantive conditions of the contract or to determine the merits of the dispute * * * Nor should arbitration be stayed merely because the requested remedy, if granted, runs the risk of resulting in an impermissible assumption of the board’s supervisory responsibility, or * * * because it is feared that the arbitrator’s judgment would be improperly substituted for the subjective determination of an applicant’s qualification which is vested in the discretion of the superintendent”
 
 (Board of Educ. v Barni,
 
 51 NY2d 894, 895-896). A stay of arbitration on policy grounds is "premature and unjustified”, even though the remedy sought may not, due to policy concerns, be enforceable, where it is possible that the arbitrator may use his broad powers to fashion a remedy "adequately narrowed to encompass only procedural guarantees”
 
 (Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,
 
 45 NY2d 411, 418). To justify preemptive judicial intervention in the arbitration process, public policy considerations embodied in decisional law or statutes must "prohibit, in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator.”
 
 (Matter of Sprinzen [Nomberg],
 
 46 NY2d 623, 631;
 
 see also,
 
 Jones,
 
 *907
 

 Arbitration from the Viewpoint of the Practicing Attorney: An Analysis of Arbitration Cases Decided by the New York State Court of Appeals from January, 1973 to September, 1985,
 
 14 Fordham Urb LJ 523, 536.)
 

 Applying these standards, it was error to stay arbitration. Even assuming that the School District must remain the ultimate judge of an applicant’s qualifications,
 
 *
 
 it is not at all clear at this juncture that the arbitrator’s interpretation of the clause in issue, or the arbitrator’s resolution of the present dispute, could only be by a substitution of judgment for that of petitioner, or require petitioner to hire an "unqualified” person. There being possible relief in the arbitration proceeding that would not violate public policy, the court below acted prematurely in staying arbitration.
 

 Petitioner urges further that arbitration must be stayed because the collective bargaining agreement provides that, before submission of a written grievance, the aggrieved party must attempt to resolve it informally, and respondent failed to do so (which respondent disputes). While a written grievance was actually submitted, considered and denied by petitioner, petitioner now asserts that the pre-grievance provision was a condition precedent to arbitration.
 

 Petitioner’s contention is without merit. In effect, the collective bargaining agreement provided a three-step grievance process, beginning with informal discussion and culminating in arbitration. Questions concerning compliance with a contractual step-by-step grievance process have been recognized as matters of procedural arbitrability to be resolved by the arbitrators, particularly in the absence of a very narrow arbitration clause or a provision expressly making compliance with the time limitations a condition precedent to arbitration
 
 (see, Matter of County of Rockland [Primiano Constr. Co.],
 
 51 NY2d 1, 8;
 
 Matter of Triborough Bridge & Tunnel Auth. [Dist. Council 37],
 
 44 NY2d 967;
 
 Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.],
 
 45 AD2d 85 [Cooke, J.];
 
 see also,
 
 Jones,
 
 op. cit.,
 
 14 Fordham Urb LJ, at 543).
 

 
 *908
 
 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander taking no part.
 

 Order reversed, etc.
 

 *
 

 While not applicable to the present dispute, we note that the Legislature has recently amended the Education Law
 
 (see,
 
 Education Law § 1711 [L 1986, ch 843]) to permit modification, by a collective bargaining agreement, of the nondelegable duty of a superintendent of schools to assign and reassign teachers, indicating the Legislature’s judgment that some matters deemed "essential to maintaining adequate standards in the classroom”
 
 (Matter of Sweet Home Cent. School Dist. v Sweet Home Educ. Assn.,
 
 90 AD2d 683,
 
 affd
 
 58 NY2d 912) can be the subject of collective bargaining.