■ In the Matter of the Arbitration between CITY OF ALBANY, Appellant, and JOSEPH T. POMAKOY, Respondent.— Weiss, J. Appeal from an order of the Supreme Court (Cobb, J.), entered November 4, 1987 in Albany County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties and granted respondent's cross motion to compel arbitration.

In January 1986, respondent was terminated from his employment as a firefighter with petitioner. On March 27, 1987, respondent presented a grievance challenging his termination as violative of General Municipal Law § 207-a. When petitioner rejected the grievance as untimely under article 19 of the applicable collective bargaining agreement, respondent submitted a written demand for arbitration. Petitioner responded by initiating this application to stay arbitration, and respondent cross-moved to compel arbitration. In denying the requested stay and compelling arbitration, Supreme Court rejected petitioner's assertion that the contractual grievance procedures imposed conditions precedent to arbitration, which respondent failed to satisfy. This appeal ensued.

We affirm. In *Matter of Enlarged City School Dist. (Troy Teachers Assn.)* (69 NY2d 905, 907), the Court of Appeals recently observed that: "Questions concerning compliance with a contractual step-by-step grievance process have been recognized as matters of procedural arbitrability to be resolved by the arbitrators, particularly in the absence of a very narrow arbitration clause or a provision expressly making compliance with the time limitations a condition precedent to arbitration" (citations omitted). *(See, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 8.) Here, the collective bargaining agreement sets forth a four-step grievance process, with specific time limits fixed for each level. If the grievance is not resolved at step 3, the parties may proceed to arbitration. Notably, paragraph 19.6.1 specifies that "[t]he time limits set forth in this article are of the essence" and further that "[t]he failure * * * to proceed within the time limits set forth shall terminate the grievance at that step".

Petitioner effectively maintains that the agreement's struc-

tural framework and the language of paragraph 19.6.1 make compliance with the contractual time limitations a condition precedent to arbitration. Giving due regard to the broad nature of the agreement, which provides for the arbitration of any "unresolved grievance" (¶ 20.1), we cannot accept petitioner's contention *(cf., Matter of Town of Greenburgh [Blumstein],* 125 AD2d 315). By its terms, the contract does not expressly condition access to arbitration upon compliance with the specific grievance procedures *(compare, Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 362-364; *Matter of Dobbs Ferry Union Free School Dist. [Dobbs Ferry United Teachers],* 74 AD2d 924, *affd* 53 NY2d 1040; *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.],* 45 AD2d 85, 87; *with Matter of Raisler Corp. [New York City Hous. Auth.],* 32 NY2d 274, 279-280; *Matter of Wilaka Constr. Co. [New York City Hous. Auth.],* 17 NY2d 195, 199-200). Consequently, whether respondent timely presented his grievance is a matter for an arbitrator to determine, not the courts *(see, Matter of County of Broome [Rauen],* 130 AD2d 811, 813).

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Mercure, JJ., concur.