■ DEPARTMENT OF EDUCATION, DIOCESE OF ROCKVILLE CENTRE, INC., Respondent, v LAY FACULTY ASSOCIATION, LOCAL 1261, A.F.T., AFL-CIO, Appellant.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered October 21, 1988, which granted the application.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner and the appellant are parties to a collective bargaining agreement that governs the relationship between the teachers and the administration at St. John the Baptist Diocesan High School in West Islip, New York. By letters dated March 28, 1988, the Superintendent of Schools informed four teachers that they would not be granted tenure, owing to a decline in student enrollment, and consequently their contracts would not be renewed for the 1988-1989 school year.

The appellant maintains that the denial of tenure and the "discharge" of the teachers constituted violations of the seniority provisions governing *layoffs,* thus making it an arbitrable dispute. We disagree. Under the collective bargaining agreement, the decision to grant or deny tenure to a teacher is specifically excluded from the arbitration process, and the Supreme Court correctly so held *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299).

It is clear from the record that it was never the intention of the administration to reduce the staff, by laying off faculty members. Indeed, the school hired two new faculty members and plans on hiring additional teachers to replace the four teachers whose contracts were not renewed. Although the policy of denying tenure is born of the school's decline in student enrollment, and reflects the school's unwillingness or

inability to make longtime financial tenure commitments to teachers, it is quite different from a program of staff reduction by laying off teachers.

Our analysis, however, does not end here. Although the decision to grant or deny tenure ultimately lies with the Superintendent of Schools and is beyond the scope of the arbitration clause, the agreement makes reference to an advisory Tenure Evaluation Committee, to be elected by the lay faculty in setting up criteria to evaluate teachers. To the extent that this is claimed to be a procedural step in the tenure process, we conclude that under the facts and circumstances at bar, the denial of tenure with no action or recommendation by the Tenure Evaluation Committee does not, in this case, constitute an arbitrable matter.

To begin with, no such committee was ever formed by the lay faculty. Never having been created by faculty vote, it can scarcely qualify as a part of a procedural process within the meaning of *Matter of Board of Educ. (Middle Is. Teachers Assn.)* (50 NY2d 426, 429). But even if it did qualify, the agreement plainly states, in the provision immediately following the one relating to the Tenure Evaluation Committee, that the "denial of tenure to a teacher shall not be subject to the grievance and arbitration procedure set forth under Article IV except that any questions pertaining to the notice requirements set forth herein shall be subject to said process".

There is no claim that the notice requirements were not met. Moreover, there is an internal appeals process, which was invoked by the appellant, at which reasons for the denial of tenure were presented to the panel convened to hear the teachers' appeals, following which the panel issued a decision recommending denial of the appeals. Thereafter, the Superintendent of Schools, adopting the panel recommendation, upheld the denial of tenure. Based on the foregoing, we conclude that the stay of arbitration was properly granted. Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.