■ JUDITH L. THRASHER, Respondent, v GENESEE COUNTY CIVIL SERVICE COMMISSION et al., Appellants. (Proceeding No. 1.) In the Matter of GENESEE COUNTY, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent. (Proceeding No. 2.)—Order unanimously reversed on the law without costs and application for stay of arbitration granted. Memorandum: Judith Thrasher was employed as a probation officer with the County of Genesee. She was advised of the availability of employment with the County Department of Social Services as a child care social worker. She successfully applied for that position and resigned from her permanent position of probation officer. Approximately two months after a perfor-

mance evaluation, Thrasher was terminated from her employment as a child care social worker "due to unsatisfactory performance", and the County Probation Department refused to reinstate Thrasher to her former position. Thrasher filed a grievance, arguing that she was a probationary employee and was thus entitled to be restored to her former permanent position pursuant to article 9 of the collective bargaining agreement. The grievance was rejected by the county upon the grounds that she was a provisional employee in a child care social worker position and that the agreement covered only permanent employees. She then filed a demand for arbitration and commenced a separate CPLR article 78 proceeding seeking reinstatement to her former position of probation officer. This appeal is from an order that denied the petition of Genesee County for a stay of arbitration, directed the parties to proceed with arbitration, and directed that further matters on a related article 78 proceeding be stayed pending resolution of the arbitration proceeding.

Supreme Court erred in concluding that article 9 of the agreement covered Thrasher's job status. Article 1 of the agreement unambiguously states that the agreement covers permanent employees. County personnel records indicate that Thrasher was employed as a child care social worker on a provisional basis. By law, she could not be a permanent employee because she had not been appointed as the result of a competitive examination (see, Civil Service Law §§ 51, 52, 61; Matter of Hilsenrad v Miller, 284 NY 445, 451). Because Thrasher was not a permanent employee she was not covered by the agreement and was not entitled to arbitration. (Appeal from order of Supreme Court, Genesee County, Wolf, J.— arbitration.) Present—Denman, J. P., Boomer, Balio and Davis, JJ.