■ METROPOLITAN OPERA ASSOCIATION, INC., Appellant, v HOWARD CHAIKEN et al., Respondents.—Judgment, Supreme Court, New York County (Francis N. Pecora, J.), entered October 4, 1989, which denied petitioner's application for a stay of arbitration, unanimously reversed, on the law, and the application is granted, without costs.

Petitioner employer seeks to stay an arbitration demanded by respondent union on behalf of one of its members who it says was unjustly discharged. The stay is sought on the

ground that respondent did not comply with certain time limitations contained in the "Grievance and Arbitration" clause of the parties' collective bargaining agreement, which time limitations, petitioner contends, were conditions precedent to arbitration. Respondent replies that the time limitations were not conditions precedent but merely procedural stipulations incidental to the arbitration proceeding itself, and that it is therefore for the arbitrator, not the court, to decide whether respondent failed to comply with the limitations, and, if so, the effect of such failure on its right to relief *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1).

Even if we were to assume, in respondent's favor, that the question of its compliance with the time limitations is for the arbitrator *(see, Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 69 NY2d 905, 907; *Matter of City of Albany [Pomakoy],* 142 AD2d 775, *lv denied* 73 NY2d 870), we would still stay the arbitration since we do not see how this question can be decided in respondent's favor by a rational arbitrator. This inquiry into the tenability of respondent's position is warranted by an unusual arbitration clause which provides that "[n]otwithstanding anything to the contrary contained in [CPLR] Article 75, including Section 7501 thereof, the Court in making its determination whether or not the controversy is arbitrable is hereby expressly empowered to decide whether or not a bona fide arbitrable issue exists." It is clear that by this provision the parties intended to resurrect the so-called *Cutler-Hammer* doctrine *(Matter of International Assn. of Machinists [Cutler-Hammer, Inc.],* 297 NY 519), abrogated by the last sentence of CPLR 7501, under which the court would screen out any "meritless and frivolous" claims a party would have submitted to an arbitrator (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7501:12, at 267). This we undertake to do.

Concerning the time limitations, the arbitration clause provides that any grievance arising from any dispute between the parties must be presented either orally or in writing by the authorized union shop steward to the employee's immediate supervisor no later than 30 days after the occurrence of the acts giving rise to the grievance; that the employer must respond to the grievance no later than 10 days after its presentation, orally if the grievance was presented orally, in writing if the grievance was presented in writing; that a demand for arbitration must be made no later than 30 days from receipt of management's decision on the grievance, unless the parties agree otherwise in writing; that the arbitrator

has "no power to add, subtract from, or modify the provisions of this Agreement in arriving at a decision of the issue for resolution"; that the limitations of time for presenting a grievance and demanding arbitration are "of the essence" and that a failure to adhere to such would "preclude arbitration of the alleged grievance"; that the time limits set forth in the clause could be extended only by written agreement of the parties; and that a failure to take timely steps from any disposition of a grievance would be deemed a waiver or settlement of the grievance.

The petition alleges that respondent's member was discharged on December 9, 1988; that respondent did not ask to discuss the discharge until February 1989; that a discussion was held on February 10, 1989 and ended with petitioner telling respondent and respondent's member that the latter would not be reinstated; and that no further action was taken by respondent until April 18, 1989 when it demanded arbitration. Petitioner argues that the February 10, 1989 meeting was nothing more than an "informal" attempt to resolve the dispute, not a true grievance conducted pursuant to the collective bargaining agreement, since no written extension of the 30-day time limit for presenting a grievance had ever been given. Further, petitioner argues that, in any event, in view of the 30-day time limit on demanding arbitration, the 67-day delay between the meeting of February 10 and the respondent's demand for arbitration on April 18 made the arbitration demand untimely. While respondent argues that it is for the arbitrator to decide whether its presentation of the grievance and demand for arbitration were timely, nowhere does it describe the argument it intends to submit to the arbitrator bearing upon these questions, and we think the reason for this is that no bona fide, nonfrivolous argument can be made by respondent to show that it presented the grievance and demanded arbitration in a timely manner. Nor do we see how the question of compliance with these time limitations can be avoided, when the agreement constrains the arbitrator not to add to, subtract from, or modify its provisions, and, in the very next sentence, describes the time limitations as being "of the essence". Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Wallach, JJ.