■ In the Matter of the Arbitration between CITY OF AL-

BANY, Appellant, and ALBANY PERMANENT PROFESSIONAL FIRE-FIGHTERS ASSOCIATION, LOCAL 2007, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Hughes, J.), entered January 18, 1991 in Albany County, which, *inter alia,* denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondent filed a grievance dated June 21, 1990 against petitioner concerning petitioner's planned imposition of a new work schedule. An arbitrator subsequently terminated the June grievance due to respondent's failure to follow the procedure detailed in article 19 of the contract between the parties. Respondent filed a second grievance concerning the alteration of the work schedule on September 13, 1990 and, eventually, demanded arbitration.

Thereafter, petitioner applied, pursuant to CPLR 7503 (b), to stay arbitration alleging that the dismissal of the June grievance barred further arbitration concerning the work schedule change and, further, that the second grievance was untimely pursuant to the contract between the parties. Respondent answered, asserted an affirmative defense and cross-applied for compulsion of arbitration pursuant to CPLR 7503 (a). Supreme Court denied petitioner's application and granted respondent's cross application. This appeal ensued.

We affirm. In short, we previously concluded in *Matter of City of Albany (Pomakoy)* (142 AD2d 775, *lv denied* 73 NY2d 870) that "whether respondent timely presented his grievance is a matter for an arbitrator to determine, not the courts" *(supra,* at 776; *see, Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 69 NY2d 905, 907). We take a like view with respect to Supreme Court's holding that the determination of the preclusive effect of the arbitration of the June grievance should be made by the arbitrator, not the courts *(see, Vilceus v North Riv. Ins. Co.,* 150 AD2d 769, 770; *see also, Matter of City School Dist. v Tonawanda Educ. Assn.,* 63 NY2d 846, 848).

Weiss, Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.