OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the petition to stay arbitration dismissed, with costs.
Appellant has sought arbitration of a claim that the school district breached the collective bargaining agreement by summarily altering the composition of a teacher’s class, in part at the behest of the students’ parents. One of its contentions is that this action violated article IV, § 2 of the agreement which provides: "In the event of a parental complaint regarding one or more teachers, the building principal shall arrange an appointment between the teacher or teachers and the parent, to provide the opportunity for constructive discussion of the problem.” The school district brought this proceeding for a stay of arbitration, contending that the cited provision has no application to this dispute. The school district further contended that the composition of a classroom is a nondelegable duty of school officials, and, consequently, it would be against public policy to submit such a dispute to arbitration.
The courts below erred in granting the requested relief. The collective bargaining agreement provides for arbitration of any dispute concerning the proper interpretation of the agreement. Thus, on its face, this dispute over the applicability of article TV, § 2 is arbitrable (see, e.g., Matter of Board of Educ. v Watertown Educ. Assn., 74 NY2d 912, 913). Furthermore, at this point in the dispute, there is no basis for objecting to arbitration on public policy grounds. Even if, as the district *775 urges, public policy precludes a remedy that would override the district’s discretion to determine class composition (see generally, Education Law § 1709 [3]), a stay of arbitration would be premature and unwarranted "where it is possible that the arbitrator may use his [or her] broad powers to fashion a remedy ’adequately narrowed to encompass only procedural guarantees’ ” (Matter of Enlarged City School Dist. [Troy Teachers Assn.], 69 NY2d 905, 906, quoting Matter of Port Wash. Union Free School Dist. v Port Wash. Teachers Assn., 45 NY2d 411, 418). This conclusion is particularly apt here, where the rights established by the contractual provision in issue are principally procedural.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.