■ In the Matter of SOUTH COUNTRY CENTRAL SCHOOL DISTRICT, Respondent, v BELLPORT TEACHERS ASSOCIATION, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the Bellport Teachers Association appeals from a judgment of the Supreme Court, Suffolk County (Namm, J.), entered March 6, 1990, which, *inter alia,* granted the petitioner's application.

Ordered that the judgment is reversed, on the law, with costs, the application is denied, and the parties are directed to proceed to arbitration.

The Bellport Teachers Association (hereinafter Teachers Association) sought arbitration with regard to a decision of the Board of Education of the South Country Central School District (hereinafter the Board) to deny one additional year of probationary service for two teachers who, upon the Superintendent's recommendation, had been denied tenure by the Board. They contended that the Board breached the collective bargaining agreement, based upon "improper evaluations on the part of the administrative staff of [the District]" in violation of article XIV of the collective bargaining agreement, which provides that the evaluator discuss proposed written evaluations and observations with the teachers and present all written documents to the teachers for their signatures. The Board brought this proceeding for a stay of arbitration, contending that the "[d]enial of tenure is not an arbitrable matter". The Board further contended that "[i]f an arbitrator granted the relief requested by the [teachers association] that would violate section II (2.1) which provides that 'the denial of tenure shall not constitute a grievance' ". The Supreme Court, in its decision, found that "the review and disclosure procedure was followed by [the Board] since each of the evaluations was signed by the respective teacher and in several instances comments were made by the teacher and incorporated into the report". It determined that there was no independent basis upon which an arbitrable dispute could be found, and granted the Board's application to stay arbitration.

The court erred in granting the requested relief. Contrary to the Board's contentions, the teachers' arbitration demand does not concern the issue of the denial of tenure but the Board's alleged violations of the procedural evaluation provisions from which the decision with regard to tenure devolves. Courts have found such grievances over a board's failure to comply with contractual record keeping or evaluative procedures to be subject to arbitration despite the arbitration clause's exclusion of grievances over the denial of tenure itself *(see, Matter of Board of Educ. [Middle Is. Teachers Assn.]*, 50 NY2d 426, 428-429; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774; cf., *Matter of Clarkstown Cent. School Dist. [Cacciola]*, 163 AD2d 670, 672-673; *Department of Educ. v Lay Faculty Assn.*, 153 AD2d 923). With the exception of the denial of tenure, as noted above, the collective bargaining agreement contains a broad and unambiguous definition of a grievance, embracing "any dispute * * * with respect to the meaning or interpretation of any provision of this agreement". Thus, on its face, this dispute over the applicability of article XIV is arbitrable *(see, e.g., Matter of Babylon Union Free School Dist. v Babylon Teachers Assn.*, 79 NY2d 773; *Matter of Board of Educ. v New York State United Teachers*, 51 NY2d 994; *Matter of Board of Educ. v Deer Park Teachers Assn.*, 50 NY2d 1011, 1012).

The court also erred in determining the merits of the dispute. "The court's role in reviewing applications to stay arbitration is of course a limited one: 'it is not for the courts to interpret the substantive conditions of the contract or to determine the merits of the dispute' " *(Matter of Enlarged City School Dist. [Troy Teachers Assn.]*, 69 NY2d 905, 906, quoting from *Board of Educ. v Barni*, 51 NY2d 894, 895-896). " 'Nor should arbitration be stayed merely because the requested remedy, if granted, runs the risk of resulting in an impermissible assumption of the board's supervisory responsibility, or * * * because it is feared that the arbitrator's judgment would be improperly substituted for the subjective determination of an applicant's qualification which is vested in the discretion of the superintendent' " *(Matter of Enlarged City School Dist. [Troy Teachers Assn.], supra*, at 906, quoting from *Board of Educ. v Barni*, 51 NY2d 894, 895-896, *supra*). Moreover, courts have refused to stay arbitration on the proffered ground that the only remedy an arbitrator could grant would be the conferral of tenure. The courts have declared that an arbitrator should not interfere with the board's role as the ultimate judge of an applicant's qualifica-

tions, or its power to confer tenure, and merely direct temporary reinstatement so that the teacher might be evaluated in accordance with the procedure outlined in the collective bargaining agreement *(see, Matter of Enlarged City School Dist. [Troy Teachers Assn.], supra,* at 907; *Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167; *Matter of Board of Educ. v Patchogue-Medford Congress of Teachers,* 144 AD2d 666, 667). Further, a stay of arbitration would be "premature and unwarranted" where it is possible that the arbitrator may use his or her broad powers to fashion a remedy " ' "adequately narrow to encompass only procedural guarantees" ' " *(Matter of Babylon Union Free School Dist. v Babylon Teachers Assn.,* 79 NY2d 773, 775, *supra,* quoting from *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411, 418; *Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 69 NY2d 905, 906, *supra; Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411, 418, *supra).* Any finding as to the merits of the grievance or the fashioning of a remedy is within the sole prerogative of the arbitrator. Once it is determined, as it should have been here, that the arbitration clause is broad enough to encompass the subject matter of the dispute, the court's inquiry is at an end. Whether the teachers' association is entitled to relief is for an arbitrator to decide. Here, the Supreme Court improperly injected itself into the determination of the underlying merits of this arbitrable contract dispute *(see, Matter of Board of Educ. v Watertown Educ. Assn.,* 74 NY2d 912, 913-914; *Mineola Union Free School Dist. v Mineola Teachers Assn.,* 46 NY2d 568, 572; *Rio Algom v Sammi Steel Co.,* 168 AD2d 250, 251; *Matter of Prudential Prop. & Cas. Ins. Co. [Hidalgo],* 133 AD2d 87, 88).

Accordingly, the judgment staying arbitration is reversed, and the parties are directed to proceed to arbitration. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.