[611 NYS2d 962]

In the Matter of the Arbitration between Board of Education of the Ramapo Central School District, Respondent, and Ramapo Teachers' Association, Appellant.

Third Department, May 26, 1994

## APPEARANCES OF COUNSEL

*James R. Sandner,* New York City *(Mitchell H. Rubinstein* and *James J. Brady* of counsel), for appellant.

*Greenberg, Wanderman & Fromson,* Spring Valley *(Stephen M. Fromson* of counsel), for respondent.

*Jay Worona,* Albany *(Joseph B. Porter* of counsel), for New York State School Boards Association, *amicus curiae.*

## OPINION OF THE COURT

MIKOLL, J. P.

The facts are not in dispute. A provision of the collective

bargaining agreement between the parties gives teachers the option of being paid their school year salary in either 22 equal pay checks or 22 pay checks with the first 20 being equal and the last two being three times as large as one of the 20 equal paychecks. Under either selection the total salary paid is the same. Petitioner has for some years followed the practice of paying teachers returning in September a full two weeks' salary on either the day of their return or on the first Friday following their return resulting in an advance payment of one week's pay or more. After petitioner became aware that one teacher intended to resign after receiving the prepayment but before performing the second week of service, it decided to change the pay scheme. Petitioner, believing that its payment scheme violated NY Constitution, article VIII, § 1 and Education Law § 3015 (3), invoked a new practice whereby teachers would be paid on the first Friday after their return for one week rather than two weeks. The annual salary would remain the same, only the number of checks issued would change.

Respondent subsequently served a demand for arbitration pursuant to provisions of the collective bargaining agreement seeking an award compelling petitioner to adhere to its former pay practice. Petitioner then commenced the instant proceeding to stay the arbitration, claiming that any award would violate public policy because its past policy was illegal. Supreme Court held that the prior payment practice did not violate the State Constitution as claimed but did violate Education Law § 3015 (3); it therefore granted the petition and ordered the arbitration permanently stayed. This appeal by respondent ensued. Because Supreme Court properly found that petitioner's past payment policy was violative of Education Law § 3015 (3) and against public policy, the order staying arbitration between the parties should be affirmed.

◼ Respondent argues that Supreme Court erred in staying arbitration because petitioner's payment practice did not violate Education Law § 3015 (3) in that this statutory provision does not prohibit advance salary payments but, rather, does not specifically authorize them; this argument is rejected. Judicial intervention is proper because public policy proclamated in Education Law § 3015 (3) " 'prohibit[s], in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator' " (Matter of Enlarged City School Dist. [Troy Teachers Assn.], 69 NY2d 905, 906, quoting Matter of Sprinzen [Nomberg], 46 NY2d 623, 631; see, Matter

*of Susquehanna Val. Cent. School Dist. v Susquehanna Val. Teachers' Assn.,* 37 NY2d 614). The language of Education Law § 3015 (3) that "[n]othing contained in this section shall be construed to authorize payment in advance of rendering service to the school district" clearly prohibits payment of teachers' salaries in advance of services. As such, the past payment policy of petitioner is contrary to the public policy proclaimed in the statute *(see, Matter of Toffler v Pokorny,* 157 Misc 2d 703; *see also, Matter of Sprinzen [Nomberg], supra,* at 631; *Matter of Board of Educ. v West Babylon Teachers Assn.,* 72 AD2d 766, *affd* 52 NY2d 1002; *compare, Board of Educ. v Christa Constr.,* 80 NY2d 1031, *amended on other grounds* 80 NY2d 1033).

Respondent's contention that Supreme Court improperly held that an arbitrator could not fashion a remedy that would not violate public policy lacks merit. The preferred means of resolving a contractual dispute is to allow arbitration and afford an arbitrator an opportunity to fashion a remedy that does not violate public policy *(see, Matter of Babylon Union Free School Dist. v Babylon Teachers Assn.,* 79 NY2d 773, 775). Here, however, the only relief the arbitrator could fashion under the demand would be violative of public policy.

Respondent's assertion that Supreme Court erred in examining the merits of the grievance in determining this application for a stay of arbitration must be rejected. The record does not support respondent's claim.

■ ■ Petitioner's argument that Supreme Court erred in ruling that petitioner's past payment policy was not violative of NY Constitution, article VIII, § 1 is not persuasive. The past payment policy was not a loan to teachers, which would be prohibited, but was a prepayment for services promised to be rendered and the failure to perform the contracted services would constitute a breach of contract. Petitioner is entitled to review of this issue even though, having succeeded before Supreme Court, it did not cross-appeal, because it may raise this argument as an alternative ground for affirmance to protect its success in Supreme Court *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 545-546).

CREW III, WHITE, CASEY and PETERS, JJ., concur.

Ordered that the order is affirmed, without costs.