■ In the Matter of COUNTY OF ROCKLAND et al., Appellants, v ROCKLAND COMMUNITY COLLEGE FEDERATION OF TEACHERS LOCAL 1871 et al., Respondents. [712 NYS2d 612] —In a proceeding pursuant to CPLR 7503 to stay arbitration of a grievance purportedly arising out of a collective bargaining agreement, the appeal is from an order of the Supreme Court, Rockland County (Sherwood, J.), dated September 7, 1999, as amended by an order of the same court dated May 10, 2000, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the order, as amended, is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

The respondent Patricia Harnett was hired with funding from a grant. As a result, she is excluded from the applicable negotiating unit, and her employment does not fall within the scope of the collective bargaining agreement which included an arbitration provision. Accordingly, the Supreme Court erred in denying a stay of arbitration (*see, Matter of Odessa-Montour Cent. School Dist. [Odessa-Montour Teachers Assn.],* 271 AD2d 931; *Matter of New York City Tr. Auth. v Transport Workers Union,* 177 AD2d 695; *Thrasher v Genesee County Civ. Serv. Commn.,* 156 AD2d 966). Further, the "ultra vires" settlement agreement entered into by Harnett and the president of the petitioner Rockland Community College (hereinafter the College) did not render Harnett a member of the applicable negotiating unit as it was not ratified by the Board of Trustees of the College (*see,* Education Law § 6306 [2]). Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.