█ In the Matter of the Arbitration between BOARD OF EDUCATION OF SCHENECTADY CITY SCHOOL DISTRICT, Respondent, and SCHENECTADY FEDERATION OF TEACHERS, Appellant. [876 NYS2d 562]—

Peters, J. Appeal from an order of the Supreme Court (Kramer, J.), entered July 23, 2008 in Schenectady County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

At all relevant times, petitioner and respondent were parties to a collective bargaining agreement (hereinafter CBA) which stated that "[a]ll teachers may be required to attend no more than three (3) evening meetings a year." The CBA provided for a three-step grievance process which culminated in binding arbitration. Several teachers filed a grievance, for themselves "and all others affected," seeking compensation for their attendance at an additional evening meeting. No action was taken on the grievance at the first two steps, as the teachers and later respondent failed to specify which other employees were affected despite requests that they do so. Respondent then served a demand for arbitration. Supreme Court granted petitioner's application to stay arbitration, although it permitted respondent to file a new grievance which named all affected parties, and respondent appeals.

We reverse. Initially, we reject petitioner's argument that the appeal has been rendered moot by respondent's failure to accept Supreme Court's invitation to file a new, more specific grievance. The original grievance remains unresolved and the issue on this appeal is whether it is subject to arbitration. If it is, arbitration can still occur. Given that "the rights and interests of the parties remain undetermined pending the outcome of this

appeal," the appeal is not moot (*Kahn v Levy*, 52 AD3d 928, 929 [2008]; *see Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 72 NY2d 307, 311 [1988], *cert denied* 488 US 966 [1988]).

Addressing the merits, there is no claim that any "statutory, constitutional or public policy prohibition against arbitration of the grievance" exists (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]). Thus, the inquiry turns to whether the CBA referred the issue to arbitration (*see id.*; *Matter of Union-Endicott Cent. School Dist. [Endicott Teachers' Assn.]*, 59 AD3d 799, 800 [2009]). The CBA contained a broad arbitration clause that permitted respondent to submit any grievance involving "a question concerning the interpretation or meaning of the Agreement" to arbitration (*see Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1131 [2006]; *Matter of South Country Cent. School Dist. v Bellport Teachers Assn.*, 184 AD2d 771, 772 [1992]). Accordingly, if "there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA," the dispute should be deemed arbitrable (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]; *see Matter of City of Elmira [Elmira Professional Firefighters' Assn., AFL-CIO, I.A.F.F.-Local 709]*, 34 AD3d 1075, 1076 [2006]). As the present dispute involves the interpretation of the evening meeting provision of the CBA, such a reasonable relationship exists. Whether respondent complied with the requirements of the grievance process and whether the CBA required that all affected parties be named in the grievance are issues of procedural arbitrability for the arbitrator to resolve (*see Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 69 NY2d 905, 907 [1987]; *Matter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO*, 55 AD3d 731, 732 [2008]).

Cardona, P.J., Lahtinen, Kane and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, with costs, and application denied.