Stein, J.
This proceeding involves eight grievances filed on behalf of both professionals and paraprofessionals between October 2009 *1447 and November 2010. Grievance Nos. 1, 3, 4, 5, 6, 7 and 8 were filed on behalf of professionals and addressed a variety of issues pertaining to the terms of their employment. Grievance No. 2 was filed on behalf of paraprofessionals and alleged that compensation received for extracurricular assignments was not in accordance with appendix B of the CBA. The grievances proceeded through the initial procedural stages and, in each instance, respondent filed a demand for arbitration with respondent American Arbitration Association that did not adhere to the time frame set forth in the CBA. In response, petitioner commenced this proceeding pursuant to CPLR 7503 (b) seeking to stay arbitration on the ground that the untimeliness of the applications precluded arbitration and, with respect to grievance No. 2, on the additional ground that it was outside the scope of the parties’ intent to arbitrate because the grievants are not covered by the CBA. Respondent moved to dismiss petitioner’s application for a stay and to compel arbitration. Supreme Court granted petitioner’s application for a stay and denied respondent’s motion, finding that the submission of a timely demand for arbitration constituted a condition precedent to the filing for arbitration. Respondent now appeals.*
Where a collective bargaining agreement contains a broad arbitration clause, the question of whether a party has complied with the procedural requirements of the grievance process— such as time limitations — is to be resolved by an arbitrator absent “a provision expressly making compliance with the time limitations a condition precedent to arbitration” (Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.], 69 NY2d 905, 907 [1987]; see Matter of Board of Educ. of Schenectady City School Dist. [Schenectady Fedn. of Teachers], 61 AD3d 1175, 1176 [2009]; Matter of Village of Saranac Lake [Schickel Gen. Contr.], 154 AD2d 855, 855-856 [1989], lv denied 75 NY2d 707 [1990]; Matter of City of Albany [Pomakoy], 142 AD2d 775, 776 [1988], lv denied 73 NY2d 870 [1989]). Here, the CBA provides that all grievances are subject to arbitration and a grievance is defined as “a claim by an employee or group of employees based upon any event or condition affecting their welfare or terms and conditions of employment as covered under the terms of this Agreement.” Notwithstanding this broad agreement to arbitrate, petitioner argues — and Supreme Court found — that the provision specifying that nonadherence to time *1448 limits constitutes an “abandonment” of a grievance created a condition precedent to arbitration. We disagree. By its terms, the CBA did not expressly condition access to arbitration on adherence to the time limits set out in the grievance procedure. Therefore, whether respondent timely filed the grievances is a question of “procedural arbitrability” to be resolved by an arbitrator (see Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.], 69 NY2d at 907; Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 364 [1978]; Matter of City of Albany [Pomakoy], 142 AD2d at 776; compare Matter of Raisler Corp. [New York City Hous. Auth.], 32 NY2d 274, 279-280 [1973]).
However, with regard to grievance No. 2, we agree with petitioner’s alternative contention that arbitration is foreclosed because it falls outside the scope of the CBA. A threshold determination to be made on an application to stay arbitration is whether the parties have agreed to arbitrate the dispute at issue, i.e., “whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA” (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 143 [1999]; see Matter of Village of Johnson City [Johnson City Firefighters Assn., Local 921 IAFF], 75 AD3d 817, 818 [2010]). More particularly, a court may decide whether the provisions of a collective bargaining agreement are applicable to a grievant asserting a claim thereunder (see Matter of Franklin Cent. School [Franklin Teachers Assn.], 51 NY2d 348, 354-355 [1980]; Matter of Odessa-Montour Cent. School Dist. [Odessa-Montour Teachers Assn.], 271 AD2d 931, 932-933 [2000]).
Here, section 3.1 of the CBA limits a grievance to “a claim by an employee or group of employees” and “employees” are defined in section 1.1 as “all certified personnel, registered nurses, behavioral specialists, occupational therapists, physical therapists, and certified occupational therapy assistants,” a group that respondent concedes does not cover paraprofessionals. Inasmuch as grievance No. 2 was filed on behalf of paraprofessionals and alleges solely that the compensation they were paid was not in accordance with appendix B of the CBA, the issue is not arbitrable as a matter of law (see Matter of Odessa-Montour Cent. School Dist. [Odessa-Montour Teachers Assn.], 271 AD2d at 933; see also Matter of County of Rockland v Rockland Community Coll. Fedn. of Teachers Local 1871, 275 AD2d 413, 413 [2000]; compare Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737], 29 AD3d 1129, 1132 [2006]).
*1449 Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner’s application for a stay of arbitration with respect to grievance Nos. 3, 5, 6, 7 and 8; dismiss said application to that extent and grant respondent’s motion to compel arbitration as to those grievances; and, as so modified, affirmed.

 Respondent has informed this Court that grievance Nos. 1 and 4 have been resolved in a separate proceeding. Therefore, the appeal as it relates to those two grievances is moot (see Matter of Whiting v Ward, 97 AD3d 861, 863 [2012]).