*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 16, 2015                    520381
_____

In the Matter of the
    Arbitration between
    BOARD OF EDUCATION OF THE
    CATSKILL CENTRAL SCHOOL
    DISTRICT,
                        Appellant,        MEMORANDUM AND ORDER

        and

CATSKILL TEACHERS ASSOCIATION,
                        Respondent,
                        et al.,
                        Respondent.
_____

Calendar Date:  May 28, 2015

Before:  Garry, J.P., Egan Jr., Rose and Lynch, JJ.

                      _____

        Shaw, Perelson, May & Lambert, LLP, Poughkeepsie (Mark C.
Rushfield of counsel), for appellant.

        Richard A. Casagrande, New York State United Teachers
Association, Latham (Christina F. French of counsel), for
respondent.

                      _____

Garry, J.P.

        Appeal from an order of the Supreme Court (Tailleur, J.),
entered July 30, 2014 in Greene County, which, among other
things, denied petitioner's application pursuant to CPLR 7503 to
permanently stay arbitration between the parties.

        Petitioner and respondent Catskill Teachers Association
(hereinafter respondent) are parties to a collective bargaining

agreement (hereinafter CBA) that was in effect during the relevant time period. In July and October 2013, petitioner filed grant applications with the State Education Department seeking funding for a universal prekindergarten program pursuant to Education Law § 3602-e. In anticipation of the award of funds, petitioner entered into a contract with a private sector instruction provider to retain the services of a prekindergarten teacher. Respondent thereafter submitted a grievance alleging that petitioner had violated the terms of the CBA by failing to post the position to respondent's members, filling the position with an individual who was not a member of respondent, and failing to seek respondent's consent to do so. Petitioner denied the grievance, and respondent demanded arbitration. Petitioner then made an application to Supreme Court pursuant to CPLR 7503 seeking to stay arbitration, and respondent cross-moved to compel arbitration. The court found the dispute to be arbitrable, denied petitioner's application and granted respondent's cross motion. Petitioner appeals.

Petitioner contends that arbitration of the subject matter of the dispute is barred by Education Law § 3602-e and public policy. Determining whether the subject matter of a dispute is arbitrable involves a two-step inquiry, the first issue being "whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737], 29 AD3d 1129, 1130 [2006] [internal quotation marks and citations omitted]; see Matter of Union-Endicott Cent. School Dist. [Endicott Teachers' Assn], 59 AD3d 799, 800 [2009]). "[I]n order to overcome the strong [s]tate policy favoring the bargaining of terms and conditions of employment, any implied intention that there not be mandatory negotiation must be plain and clear or inescapably implicit in the statute" (Matter of Webster Cent. School Dist. v Public Empl. Relations Bd. of State of N.Y., 75 NY2d 619, 627 [1990] [internal quotations marks and citations omitted]).

Under the statutory scheme at issue, a "pre[]kindergarten program plan" is defined as a plan "designed to effectively serve eligible children directly through the school district or through collaborative efforts between the school district and an eligible

agency or agencies" (Education Law § 3602-e [1] [d] [emphasis added]). Petitioner's argument rests upon Education Law § 3602-e (5) (d), which states that "[n]otwithstanding any other provision of law, [a] school district[] shall be authorized to enter any contractual or other arrangements necessary to implement the district's prekindergarten plan." Contrary to petitioner's contention, this language does not suggest a legislative intent that school districts be given wholly unfettered freedom to disavow existing, bargained-for contractual agreements for the purpose of entering into contracts with outside agencies for prekindergarten instructional services. A more natural reading of Education Law § 3602-e supports a finding that the statute permits school districts to enter into such contracts, without in any way necessarily affecting the enforceability of a bargained-for agreement to secure such services through a CBA (compare Matter of Cohoes City School Dist. v Cohoes Teachers Assn., 40 NY2d 774, 777 [1976]).[1] The soundness of this interpretation is apparent when read in conjunction with Education Law § 3602-e (9) (b), which requires that grants be awarded with a preference for those programs that are "strong collaborative arrangements which maximize, to the extent possible, the utilization of existing resources of the school district, eligible agencies and the community" (emphasis added). This suggests a recognition by the Legislature that there may be circumstances in which a school district faces restrictions in its ability to contract with outside agencies. We find nothing else in the statute that

---

[1] To the extent that petitioner argues that decisions of the Public Employment Relations Board have held otherwise, we disagree. Neither of the decisions cited by petitioner stand for the proposition that school districts are prohibited from bargaining for prekindergarten instructional services in accord with the terms of a CBA. Rather, they merely stand for the proposition that a school district is not required to bargain for these services where they have not already done so (see Matter of Lawrence Teachers' Assn., NYSUT, AFT, NEA, AFL-CIO v Lawrence Union Free Sch. Dist., 47 PERB ¶ 4556 [2014]; Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Springs Sch. Unit v Springs Union Free Sch. Dist., 45 PERB ¶ 3040 [2012]).

suggests any intention by the Legislature to "prohibit, in an absolute sense" the arbitrability of the subject matter of respondent's grievance (Matter of Sprinzen [Nomberg], 46 NY2d 623, 631 [1979]).

Moreover, even were we to accept petitioner's argument that the Legislature intended to free school districts from such restrictions contained in a CBA, we would nonetheless find respondent's grievance to be arbitrable.  "A stay of arbitration on policy grounds is premature and unjustified, even though the remedy sought may not, due to policy concerns, be enforceable, where it is possible that the arbitrator may use his [or her] broad powers to fashion a remedy adequately narrowed to encompass only procedural guarantees" (Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.], 69 NY2d 905, 906 [1987] [internal quotation marks and citation omitted]; see Matter of Board of Educ., Hunter-Tannersville Cent. School Dist. [McGinnis], 100 AD2d 330, 334 [1984]).  Here, respondent's grievance alleges, among other things, that petitioner failed to abide by a notice of vacancy requirement in the CBA providing that "[n]otice of all vacancies and newly created positions will be prominently posted as far in advance as possible."  Given that a remedy solely addressed to this procedural guarantee would not infringe upon petitioner's purported discretion to contract with outside agencies, we find no error in Supreme Court's determination (see Matter of Babylon Union Free School Dist. v Babylon Teachers Assn., 79 NY2d 773, 774-775 [1991]; Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.], 69 NY2d at 907; Matter of South Country Cent. School Dist. v Bellport Teachers Assn., 184 AD2d 771, 773 [1992]).

Having found that there is no public policy prohibition, we turn to the second part of the threshold inquiry – that is, whether the parties agreed to submit the subject matter of the dispute to arbitration (see Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737], 29 AD3d at 1130).  In considering this issue, we must only ascertain if "there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 143 [1999]; see Matter of County of Herkimer v Civil

Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, 124 AD3d 1370, 1371 [2015]).  Here, both the grievance and the CBA concern the procedures that petitioner must follow in hiring new employees, as well as the terms and conditions of employment. Although petitioner argues that the absence of any specific reference to prekindergarten teachers from the CBA indicates that the parties did not intend to bind themselves to arbitration on this subject, "[t]he question of the scope of the substantive provisions of the contract is itself a matter of contract interpretation and application, and hence it must be deemed a matter for resolution by the arbitrator" (Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni, 49 NY2d 311, 314 [1980]).  Upon review, we find that a reasonable relationship exists between the subject matter of the CBA and the dispute at issue sufficient to require the dispute to be submitted to arbitration (see Matter of Town of Saugerties [Town of Saugerties Policeman's Benevolent Assn.], 91 AD3d 1264, 1265 [2012]; Matter of Board of Educ. of Schenectady City School Dist. [Schenectady Fedn. of Teachers], 61 AD3d 1175, 1176 [2009]).

Egan Jr., Rose and Lynch, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court