Clark, J.
Appeal from an order of the Supreme Court (Dowd, J.), entered December 26, 2014 in Cortland County, which, among other things, denied petitioners’ application pursuant to CPLR 7503 to permanently stay arbitration between the parties.
Petitioners and respondent were parties to a collective bargaining agreement (hereinafter CBA) that was in effect from 2011 through 2014. In 2011, Lawrence Jackson, a correction officer employed by petitioner Cortland County Sheriff, was diagnosed with plantar fasciitis in his left foot and was subsequently awarded workers’ compensation benefits, but denied disability benefits pursuant to General Municipal Law § 207-c.* In August 2013, Jackson submitted to petitioners a physician’s note stating that, as a result of his foot condition, he was restricted from working more than 40 hours and 35 minutes per week. Although petitioners initially accommodated Jackson’s limitation, in September 2013, petitioner Cortland County notified Jackson that his “availability to work mandatory overtime [wa]s an essential function of [his] position” and that, because his “limited availability pose[d] a safety issue . . . [that] could result in an understaffed shift,” it could not accommodate his work “restriction on a continuing basis” and was therefore placing him on family and medical leave until such time as he was “able to complete all essential functions of [his] position.”
Respondent thereafter submitted a grievance on behalf of Jackson, its member, alleging that petitioners violated the CBA by refusing to accommodate Jackson’s work restriction. After petitioners denied the grievance, respondent filed a demand for arbitration. Petitioners then commenced this proceeding to permanently stay arbitration (see CPLR 7503 [b]), and respondent answered and cross-claimed for an order dismissing the petition and/or compelling arbitration. Concluding that the dispute was arbitrable, Supreme Court denied *1345 petitioners’ application and granted respondent’s cross petition. Petitioners appeal.
“The court’s role in reviewing applications to stay arbitration is ... a limited one” (Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.], 69 NY2d 905, 906 [1987]; accord Matter of Union-Endicott Cent. School Dist. [Union-Endicott Maintenance Workers’ Assn.], 85 AD3d 1432, 1433 [2011]; Matter of Peters v Union-Endicott Cent. School Dist., 77 AD3d 1236, 1238 [2010]). Under the established two-prong test for determining whether a dispute is arbitrable, courts first determine “whether the subject of the claim sought to be arbitrated is the type authorized by the Taylor Law (codified as Civil Service Law art 14)” (.Matter of Blackburne [Governor’s Off. ofEmpl. Relations], 87 NY2d 660, 665 [1996]; see Matter of City of Binghamton [Binghamton Firefighters, Local 729, AFL-CIO], 20 AD3d 859, 859 [2005]). If arbitration is not precluded by constitutional, statutory or public policy considerations, courts must then examine the collective bargaining agreement to ascertain whether the parties have agreed to arbitrate the particular dispute at issue (see Matter of Barnes [Council 82, AFSCME], 94 NY2d 719, 723 [2000]; Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 140-142 [1999]). Where the arbitration clause in a collective bargaining agreement is broad, courts “should merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA” (.Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; accord Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 279 [2002]).
Initially, we do not discern, nor have petitioners demonstrated, any constitutional, statutory or public policy considerations that prohibit arbitration of the dispute. We thus turn to the second prong of the inquiry. Under the CBA, an arbitrable grievance is defined as “any alleged violation of the terms and conditions of employment, as defined in th[e] [a]greement, including any misinterpretation or misapplication of th[ej [agreement or past practice.” Article 5 of the CBA addresses employee work schedules, including certain required overtime, and includes a section on “Light Duty Assignments.” Additionally, article 20 of the CBA discusses overtime and sets forth the procedure for assigning mandatory overtime shifts. Inasmuch as the CBA specifically addresses overtime and contemplates the availability of light-duty assignments, we find that a reasonable relationship exists between the subject matter of *1346 the dispute and the general subject matter of the CBA (see Matter of Board of Educ. of the Catskill Cent. Sch. Dist. [Catskill Teachers Assn.], 130 AD3d 1287, 1290-1291 [2015], lv denied 26 NY3d 912 [2015]; Matter of Union-Endicott Cent. School Dist. [Union-Endicott Maintenance Workers’ Assn.], 85 AD3d at 1435). “[T]he fact that the substantive clauses of the contract might not support the grievances ... is irrevelant on the threshold question of arbitrability. It is for the arbitrator, and not the courts, to resolve any uncertainty concerning the substantive rights and obligations of the[ ] parties” (Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers Assn., 50 NY2d 1011, 1012 [1980] [citations omitted]; see CPLR 7501; Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 142-143). Accordingly, Supreme Court properly determined that the dispute is arbitrable.
Peters, P.J., Lahtinen, Garry and Mulvey, JJ., concur.
Ordered that the order is affirmed, without costs.

 This Court confirmed the administrative determination denying Jackson’s application for disability benefits pursuant to General Municipal Law § 207-c (Matter of Jackson v Barber, 133 AD3d 958 [2015]).