Matter of Board of Educ. of the Port Byron Cent. Sch. Dist. (Civil Serv. Empls. Assn., Inc., Local 1000 [Cayuga County Local 806, CSEA, Inc.]) (2022 NY Slip Op 00598)





Matter of Board of Educ. of the Port Byron Cent. Sch. Dist. (Civil Serv. Empls. Assn., Inc., Local 1000 [Cayuga County Local 806, CSEA, Inc.])


2022 NY Slip Op 00598


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1116 CA 21-00574

[*1]IN THE MATTER OF ARBITRATION BETWEEN THE BOARD OF EDUCATION OF THE PORT BYRON CENTRAL SCHOOL DISTRICT, PETITIONER-APPELLANT, AND CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000 (CAYUGA COUNTY LOCAL 806, CSEA, INC.), RESPONDENT-RESPONDENT. 






FERRARA FIORENZA, EAST SYRACUSE (MILES G. LAWLOR OF COUNSEL), FOR PETITIONER-APPELLANT. 
DAREN RYLEWITZ, GENERAL COUNSEL, LIVERPOOL (D. JEFFREY GOSCH OF COUNSEL), FOR RESPONDENT-RESPONDENT.


 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered September 1, 2020 in a proceeding pursuant to CPLR article 75. The order dismissed the petition to stay arbitration and granted the cross motion of respondent to compel arbitration. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration with respect to a grievance of respondent concerning the calculation of bargaining unit members' benefit-related service credits. Petitioner appeals from an order that, inter alia, dismissed the petition. We reject petitioner's contention that certain provisions of the collective bargaining agreement concerning the multi-step grievance process constitute conditions precedent to arbitration. "Questions concerning compliance with a contractual step-by-step grievance process have been recognized as matters of procedural arbitrability to be resolved by the arbitrators, particularly in the absence of a very narrow arbitration clause or a provision expressly making compliance with the time limitations a condition precedent to arbitration" (Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.], 69 NY2d 905, 907 [1987]; see Matter of Kenmore-Town of Tonawanda Union Free Sch. Dist. [Ken-Ton Sch. Empls. Assn.], 110 AD3d 1494, 1496 [4th Dept 2013]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court