Matter of State of New York-Unified Ct. Sys. v Civil Serv. Empls. Assn., Inc. (2022 NY Slip Op 06567)

Matter of State of New York-Unified Ct. Sys. v Civil Serv. Empls. Assn., Inc.

2022 NY Slip Op 06567

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 450983/21 Appeal No. 16513 Case No. 2022-00608 

[*1]In the Matter of State of New York-Unified Court System, Petitioner-Respondent,
v
Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Respondent-Appellant.

Daren J. Rylewicz, Albany (Sarah M. Coligan of counsel), for appellant.
Craig E. Penn, Office of Court Administration, New York (Robyn L. Rothman of counsel), for respondent.

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 27, 2021, which, to the extent appealed from, granted petitioner State of New York-Unified Court System (UCS) leave to reargue its petition to permanently stay arbitration and CSEA's cross motion to compel arbitration, unanimously affirmed, without costs.
This proceeding concerns a dispute over whether mandatory stay-at-home work during the Covid-19 pandemic, which affected court officer trainees' (COTs) completion of probationary periods and, consequently, their compensation, is governed by their collective bargaining agreement (CBA), making the grievance arbitrable, or by administrative policies established by the Chief Judge, as codified in The Rules of the Chief Judge (22 NYCRR) § 25.22, making such grievance nonarbitrable.
The motion court properly granted reargument and such relief was warranted on the ground that the compensation issue in the CBA was necessarily intertwined with the question of UCS's authority to extend officers' probationary periods, which is governed by 22 NYCRR 25.22. The parties did not agree in the CBA to arbitrate the propriety of statutory extensions of the probationary periods. CSEA argues that it limits its grievance to the compensation issue, claiming only a violation of Article 7.4 of the CBA, and that it expressly forgoes any claim based on UCS's determination of probation extensions under 22 NYCRR 25.22. UCS persuasively argues, however, that CSEA's limiting its claim to Article 7.4 alone does not account for the cause of the reduced pay increases (i.e. , the probation extensions). It is inconceivable that an arbitrator could "fashion a remedy adequately narrowed to encompass only" the arbitrable issue of the CBA's compensation guarantees without considering the probation extensions under 22 NYCRR 25.22. Consequently, a stay of arbitration was warranted (Matter of Babylon Union Free School Dist. v Babylon Teachers Assn. , 79 NY2d 773, 775 [1991][internal quotation marks omitted]). 
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022